STRICKLAND v. DOBBS.  (No. 1886.)

(Court of Civil Appeals of Texas. Texarkana. Jan. 24, 1918.)

CHATTEL MORTGAGES ☞30 — HOUSEHOLD FURNITURE—WIFE'S SIGNATURE.

The 'Loan Brokers' Law (Acts 34th Leg. c. 28, § 11 [Vernon's Ann. Civ. St. Supp. 1918, art. 6171j]), rendering void mortgages on household furniture to secure loans unless the wife joins therein, is inapplicable to a mortgage securing the furniture's purchase price.

Appeal from Harrison County Court; J. H. Strength, Judge.

Action by Phillip Strickland against N. J. Dobbs. Judgment for defendant, and plaintiff appeals. Affirmed.

Appellee, a dealer in household furniture, sold appellant, a married man, certain furniture for $16, to be paid in semimonthly installments of $2 each. To secure the payment of the $16 appellant executed a mortgage on the furniture, in which he agreed that, if he defaulted in his undertaking, appellee might, without legal process of any kind authorizing it, enter upon his premises and take and carry the furniture away. Afterwards appellee loaned appellant $6, which the latter agreed (the former testified) to repay before he paid all the installments on the furniture. Appellant having defaulted in the payment of the final installment on the furniture, and in the repayment of the $6 borrowed, appellee had one Thompson, who worked for him, to take the mortgaged property from appellant's premises. This suit was then brought by appellant for damages, alleged to amount to $516, on the theory that the mortgage was void, and therefore that the taking of the furniture by Thompson was unlawful. It did not appear from the testimony that Thompson used force in taking the property. Appellant testified that he protested against Thompson's act, but he was contradicted by Thompson and one Drommer, who testified that he did not object to the taking. Appellant further testified that before Thompson took the furniture he tendered him the sum due appellee thereon. He was contradicted in this particular by Drommer. The jury having found

in appellee's favor, judgment was rendered that appellant take nothing by his suit.

Bibb & Bibb, of Marshall, for appellant. Brown & Hall, of Marshall, for appellee.

WILLSON, C. J. (after stating the facts as above). The contention that the mortgage to secure the payment of the purchase price of the furniture was void because it was not signed and acknowledged by appellant's wife is predicated upon section 11 of Act March 1, 1915 (General Laws, p. 48 [Vernon's Ann. Civ. St. Supp. 1918, art. 6171j]), known as the "Loan Brokers' Law." If that act applies to mortgages to persons not engaged, and appellee was not, in the business of lending money on interest, it nevertheless did not apply to the mortgage in question. The statute was intended to apply only to a ꞌcase where the husband, owning household or kitchen furniture, undertakes to mortgage it to secure the repayment of money loaned to him. In that kind of a case a mortgage by the husband is, by the terms of the act, void unless signed and acknowledged by the wife. The ꞌmortgage to appellee was not to secure a loan. It was to secure the payment of the purchase money of the identical property it covered.

The judgment is affirmed.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes