## · MARCH, 1919 ·

### C. E. MCKNEELY v. O. ARMSTRONG.

No. 2535.   Decided March 12, 1919.

Assignment of Wages.

A contract by which one person assigns to another wages to become due for his future services in any employment and for any employer, is void as applied to wages afterward becoming due him from one by whom he was not then employed nor contemplating employment; it confers no right on the assignee to recover or receive such wages.   (Pp. 364-367.)

Question certified from the Court of Civil Appeals for the First District, in an appeal from Harris County.

*J. V. Meek,* for appellant.—Courts of equity support assignments not only of choses in action, but of contingent interests and expectations, and also of things which have no present, actual or potential existence, but rest in possibility only; also future hopes are assignable in equity, and when they become real, equity will vest them in assignee, not interest in esse, but mere hopes and expectancy. Richardson v. Washington and Costley Bros., 88 Texas, 344-345; Taylor v. Huck & Co., 65 Texas, 241-242; Edwards v. Peterson, 80 Me., 367, also 6 Am. St., 207; Smithhurst v. Edmonds, 14 N. J. Eq., 416; Everman v. Robb, 52 Miss., 653, 24 Am. St., 682; Emerson v. E. N. R. R. Co., 67 Me., 389-391, 24 Am. St., 39; Mitchell v. Winslow, 2 Story, 630; Am. & Eng. Enc. of Law, vol. 2, p. 1026; Cyc., vol. 4, p. 15; Bret v. Carter, 2 Lowell, 558; Simkins, Equity, 66, 67, 202-203, 306; Bispham, Equity, 446; Cent. Law Jour., vol. 63, p. 285.

The general rule is, at law, that an assignment of future wages which constitute a mere possibility, coupled with no interest, are not assignable, but in equity said assignments are valid where the consideration is meritorious and the rights of third parties have not intervened. Same authorities. Also, Owens v. State, 112 S. W., 1075.

*Andrews, Ball & Streetman,* for appellee.—Courts of equity do not uphold assignments of choses in action; of contingent interests and expectations; of things resting in mere possibility alone, and having no present, actual or potential existence, or of property of any nature, unless it is described with sufficient particularity, definiteness and certainty to identify it and permit of its being distinguished from other things of like kind. Simkins, Cont. & Sales, 323; 4 Cyc., 18; McDavid v. Phillips, 100 Texas, 73; Richardson v. Washington, 88 Texas, 339; Gwathney v. Etheridge, 99 N. C., 571.

The assignment upon which the appellant relies in this case is void as against public policy, for that, first, it would, if valid, permit an effectual garnishment of current wages for personal service; and, second, it gives to the holder an unconscionable advantage over the assignor. Constitution of Texas, art. 16, sec. 28; Rev. Stats. of Texas, art. 306; McDavid v. Phillips, 100 Texas, 73; McDavid v. Phillips, 94 S. W., 1129, 1130.

MR. JUSTICE HAWKINS delivered the opinion of the court.

The following certified question, with statement of the facts, comes from our Court of Civil Appeals for the First Supreme Judicial District at Galveston:

"In this cause, which is now pending in this court on appeal from the County Court of Harris County, appellee sued the Houston Belt & Terminal Railway Company to recover wages alleged to be due him by

said company for services rendered by him during the month of September, 1910. The railway company answered that it owed the wages claimed by appellee, but that appellant, C. E. McKneely, claimed said wages under an assignment of wages made to him by appellee, and having deposited the amount of said wages in court, asked that said McKneely be made a party to the suit. The appellant, McKneely, was duly cited and answered, claiming the amount deposited in court under the following assignment of wages made to him by appellee:

'The State of Texas,
   County of Harris.

Know all men by these presents, that I, Odine Armstrong, of Harris County, Texas, for and in consideration of one hundred and twenty-nine and 50/100 dollars to me in hand paid by C. E. McKneely of Houston, Harris County, Texas, and other valuable considerations, have sold, alienated and transferred, and by these presents do sell, alienate and transfer to the said C. E. McKneely the sum of one hundred and forty-two and 90/100 dollars out of the salary or wages due or to become due me from T. & N. O. R. R. Co. for the month of February, A. D. 1910.

In case said sum of one hundred and forty-two and 90/100 dollars is not satisfied out of said month's salary or wages, then all monies, claims or demands accruing thereafter to me from said T. & N. O. R. R. Co., as wages or salary, up to said amount of one hundred and forty-two and 90/100 dollars, are to become the property of the said C. E. McKneely, and said C. E. McKneely is hereby authorized and empowered to ask for, collect and sue for same in either my name or its or his own name as he elects, and I hereby direct that said T. & N. O. R. R. Co. pay to said C. E. McKneely the sum of one hundred and forty-two and 90/100 dollars, and if same is not paid to said C. E. McKneely and this assignment is placed in the hands of an attorney to collect the said sum, or if suit is brought on same, then, in either event, I do assign and transfer to said C. E. McKneely the sum of eight dollars that may be due or to become due as wages, as attorney's fees and court costs, and said C. E. McKneely is authorized to collect and receipt for same, and if not paid, it or he may recover same by suit.

If the above amount is not paid to C. E. McKneely by the party for whom I am now working, then, in addition to the above, I further transfer and assign to said C. E. McKneely any sum of money due, or which may become due me as salary or wages, for any subsequent month or months, within a period of four years from the date of this instrument, from any person, firm or corporation whomsoever for whom I may work, or so much of said sum or sums as may be required to satisfy said sum of one hundred and forty-two and 90/100 dollars, and attorney's fees and court costs, if any, and the said C. E. McKneely is hereby authorized to collect and receipt for same, and said receipt shall be absolutely binding and conclusive upon me.

Witness my hand at Houston, Texas, this the 16th day of February, A. D. 1910.

his

Odine "X" Armstrong.

mark

Witness C. E. McKneely, Josie Matheny.'

The answer of McKneely set out this assignment and claimed said wages under the paragraph of said instrument above set out which provides:

'If the above amount is not paid to C. E. McKneely by the party for whom I am now working, then, in addition to the above, I further transfer and assign to said C. E. McKneely any sum of money due, or which may become due me as salary or wages, for any subsequent month or months, within a period of four years from date of this instrument, from any person, firm or corporation whomsoever for whom I may work, or so much of said sum or sums as may be required to satisfy said sum of one hundred and forty-two and 90/100 dollars, and attorney's fees and court costs, if any, and the said C. E. McKneely is hereby authorized to collect and receipt for same, and said receipt shall be absolutely binding and conclusive upon me.'

No facts are alleged in the answer showing or tending to show that at the time the agreement was made it was contemplated by the parties thereto that appellee would enter the service of the Houston Belt & Terminal Railway Company. The trial court held that this portion of the assignment was void and sustained a general demurrer to said answer.

At a former day of this term we affirmed the judgment of the trial court holding 'that the assignment of wages under which appellant claims was void as to any wages thereafter earned by appellee in any other employment than that in which he was engaged at the time the assignment was executed.'

The question presented is one of public importance and we have deemed it wise to certify for your decision the question:

Did we err in the holding above set out?"

As to the subsequent employer, Houston Belt & Terminal Railway Company, the language of the assignment contract covers no wages having, at its date, any existence, either actual or potential. It is not even shown that, in making the contract of assignment any subsequent employment of the assignor by any particular employer was in contemplation of the parties. As related to the facts and issues of the case at bar the above quoted former holding of the Court of Civil Appeals was correct. McDavid v. Phillips, 100 Texas, 73, 94 S. W., 1131; Richardson v. Washington, 88 Texas, 339, 31 S. W., 614.

The equitable doctrine concerning mortgage liens, as announced in those cited cases, should be held applicable to contracts assigning future wages growing out of employment in contemplation of the parties to the assignment contract, but we do not think that its scope should be ex-

tended further.  See, also, Railway Co. v. Woodring, 116 Pa., 513, 9 Atl., 58; Bell v. Mulholland, 90 Mo. App., 612; Heller v. Lutz, 254 Mo., 704, 164 S. W., 123, L. R. A. 1915B, 192; Kane v. Clough, 36 Mich., 436, 24 Am. Rep., 509; Twiss v. Cheever, 2 Allen, 40; Herbert v. Bronson, 125 Mass., 475; Eagen v. Luby, 133 Mass., 543; Mulhall v. Quinn, 1 Gray, 105, 61 Am. Dec., 415; Kennedy v. Tiernay, 14 R. I., 530; Bank v. Kimberlands, 16 W. Va., 592; Cooper v. Douglass, 44 Barb., 416; 5 C. J., 871, sec. 41.