

## OFFICE OF THE ATTORNEY GENERAL OF TEXAS
### AUSTIN

Honorable John D. Reed, Commissioner,
Bureau of Labor Statistics
Austin, Texas

Dear Sir:

Opinion No. O-3978

Re: (1) Is it necessary for an employer to recognize a wage assignment of one of his employees without first being advised by the person holding the wage assignment?

(2) Is a wage assignment by a married man valid without signature of wife?

This is to advise that we have given careful consideration to the questions stated above, pursuant to your opinion request of recent date.

From Texas Jurisprudence we quote the following pertinent statement of the law:

"¶ Wages. - Wages are property, subject to sale or assignment as other property. But an assignment of wages to accrue in the future is not valid, unless the expected wages are to be earned under an existing employment or the future employment is known and identified at the time the assignment is made. In such a case there may be a reasonable expectation on the part of the parties that the wages will be earned, and such possibility is coupled with an interest, and the right to receive them, though liable to be defeated, is vested. This being the case, wages may be assigned unless the contract of employment stipulates to the contrary. Ordinarily it does not ap-

Honorable John D. Reed, Commissioner, Page 2

pear necessary to obtain the assent of the employer to the assignment under an existing contract, but, if the employer consents, this gives assurance to the assignment."
(5 Tex. Jur. 14, ¶ 11)

Cases cited, and which are in accord with the statement of the text: McKneely v. Armstrong, (Civ. App.) 212 S. W. 175; ibid, (Sup. Ct. answering certified question) 109 Tex. 363, 210 S. W. 192; Brand v. State, 109 Tex. Cr. R. 96, 3 S. W. (2d) 439. See also 2 Ruling Case Law, ¶ 12, pp. 603 and 604; 5 Corpus Juris 915.

Therefore, we answer the first question in the affirmative, under existing authorities, with the important qualification that if the contract of employment stipulates to the contrary, the employer would not be required to honor any assignment unless notice be first given and assent granted, express or implied. Reef v. Mills Novelty Co., (Civ. App.) 57 S. W. (2d) 242, affirmed (Comm. App.) 126 Tex. 380, 89 S. W. (2d) 210.

With reference to the second question propounded by you, we have examined the statutes and find the requirement that the wife join in a wage assignment made by a married man only in Article 6165a, Vernon's Annotated Civil Statutes, regulating "loan brokers". Section 6 of said article reads in part as follows:

". . . That each assignment of wages . . . shall be void unless the same be made and given with the consent of the wife, and such consent shall be evidenced by the wife joining in the assignment. . . ."

The only case passing upon the applicability of the above statute is by a divided Court of Civil Appeals in the case of Mason v. Green, 226 S. W. 829. The majority opinion in that case holds that a chattel mortgagor's wife need not join in the execution of the chattel mortgage unless same is made to a "loan broker". It is said that the fact that the husband alone signed the mortgage would not make it void, as "community property, as here, may be disposed of by the husband only."

Honorable John D. Reed, Page 3

The dissenting opinion in the case strongly urges the statute to be broad enough to cover transactions with any creditor and Hodges, J. poses the following question:

". . . Why should a married man, in order to secure a loan be permitted to assign his wages or mortgage his household and kitchen furniture to a bank, or any other creditor without the consent of his wife, and not be permitted to enjoy the same liberty when seeking a loan from a loan broker? The hardships resulting from such transactions grow out of the creation and existence of the lien, and not from the character of the lienholder. . . ."

Nevertheless, the majority opinion restricts the scope of Section 6 of Article 6165a, supra, toapply only to loan brokers, and it is evident that the enactment is effective only where an assignment is made to a loan broker. We find no record of writ of error in the Mason v. Green case, supra, nor any other decision by our Texas courts on the question.

You are therefore respectfully advised that the wife is not required to join in a wage assignment of the husband, made to any other person than a loan broker as defined by Section 2 of Article 6155a:

"A loan broker is a person, firm, or corporation who pursues the business of lending money, purchasing salaries and taking for security for the payment of such loan and interest thereon an assignment of wages or assignment of wages with Power of Attorney to collect the same or other order for unpaid chattel mortgage or bill of sale upon household or kitchen furniture."

The above would take out of the operation of the statute one who accepted a wage assignment for goods, wares and merchandise sold and delivered.

APPROVED OCT 6 1941

FIRST ASSISTANT
ATTORNEY GENERAL

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

Benjamin Woodall
Assistant

APPROVED OPINION COMMITTEE

BW:GO