**James Ray McCAULEY, Appellant,**

v.

**HOBBS TRAILERS, a Division of Fruehauf Trailer Company, et al., Appellees.**

No. 16326.

Court of Civil Appeals of Texas.

Fort Worth.

April 27, 1962.

Rehearing Denied May 25, 1962.

Don Gladden, Fort Worth, for appellant.

Carlos C. Ashley, Jr., Mehl & Williams and Milton J. Mehl, Fort Worth, Attorneys for Appellee, Hobbs Trailers, a Division of Fruehauf Trailer Company.

Flowers & Flowers and John Flowers, Fort Worth, Attorneys for Appellee, Hobbs Trailers Federal Credit Union.

MASSEY, Chief Justice.

James Ray McCauley filed suit as plaintiff against his employer, Hobbs Trailers, a Division of Fruehauf Trailer Company, for the collection of $255.00 in wages allegedly wrongfully withheld, plus attorney's fees. The employer impleaded Hobbs Trailers Federal Credit Union of Fort Worth, Texas. Trial was before the court without intervention of a jury, and the court, being of the opinion that both the law and the facts were against the contentions of said plaintiff, entered a take nothing judgment. Plaintiff perfected an appeal to this court.

Judgment affirmed.

In our discussion we will term the parties as plaintiff, employer and Federal Credit Union. The plaintiff, while in the service of his employer, desired to receive a loan from the Federal Credit Union, organized and operated with membership confined to employees of the aforesaid employer. Provision for such organization and operation of the Federal Credit Union is to be found under U.S.C.A., Title 12, "Banks and Banking", Ch. 14, "Federal Credit Unions", § 1751 et seq.

Plaintiff's application for membership in the Federal Credit Union was accepted, and his application for loan was approved. Said credit union advanced the money to him upon security which included an assignment of a part of his future wages to the extent of $15.00 per week. The employer made subsequent payment of wages to the plaintiff, deducting from each weekly pay check the sum of $15.00, which amount it paid over to the credit union, and that institution credited each of such payments upon the loan it had made to plaintiff. Subsequently the plaintiff married, his changed status resulting in the constructive endowment in his wife of a community interest in wages to be earned during the period of coverture. Notices were served disavowing the existing wage assignment, coupled with the demand upon the employer that wages thereafter earned should be delivered in their entirety unto the plaintiff, with no amount deducted therefrom for delivery to the Federal Credit Union. The employer refused to honor the notice and instruction, and continued to make the wage deductions of $15.00 out of each weekly pay check of plaintiff, delivering the same to the credit union, which continued the procedure of crediting the payments upon plaintiff's loan. After the deductions had amounted to the sum of $255.00 plaintiff filed his suit, and the defendant employer impleaded the Federal Credit Union with a prayer that said institution reimburse the said $255.00 delivered to it under the wage assignment, if and in the event it should ultimately be determined that the plaintiff was entitled to prevail upon his claim.

In the briefs the parties found their contrary contentions upon the law, rather than upon the facts. We have, however, reached the conclusion that the employer is entitled to have the judgment of the lower court affirmed upon fact, rather than upon law. Specifically, we are of the opinion that the plaintiff, on trial of the case, failed to discharge the burden incumbent upon him to establish by a preponderance of the evidence that the Federal Credit Union (which advanced the loan to him and took the wage assignment as security) was a "loan broker" under the definition of Vernon's Ann. Tex. St., Title 107, "Pawnbrokers and Loan Brokers", Art. 6165a, "Loan brokers and regulations". The term "loan broker" is defined under section 2 of said article as "a person, firm, or corporation * * * who pursues the business of lending money, purchasing salaries and taking for security for the pay-

ment of such loans and interest thereon an assignment of wages * * *."

There is no question in our minds but that a Federal Credit Union, organized and operated strictly within the authority of the Federal Act heretofore referred to, could grow to such a size that the performance of the functions and purposes of its creation could amount to a business. If such a credit union did grow to such a size then there would be no doubt that its loan and security transactions would be the result of the pursuit of a "business of lending money, purchasing salaries and taking for security for the payment of such loans and interest thereon an assignment of wages * * *" for, as we understand it, such is the very function of Federal credit unions.

■ "Business" in its narrower sense connotes a distinctive business, i.e., an occupation or employment habitually engaged in for the purpose of profit or improvement. 12 C.J.S. p. 765, "Business—As a Noun—Narrower Sense"; C. D. Shamburger Lumber Co. v. Delavan, 1937 (Tex.Civ.App., Amarillo), 106 S.W.2d 351, error refused. From our examination of the record in the case before us it could not be said that it was indisputably factually established that the Federal Credit Union's activities, as of the time the transaction with plaintiff occurred, amounted to such a business. As applied to Federal credit unions' activities generally, we believe the foregoing definition of the term "business" to be the one proper to be applied in the determination of whether such activities come within the meaning and intent of V.A.T.S., Art. 6165a.

If raised as a fact issue it must be presumed that the plaintiff failed to obtain the necessary finding by the trial court as the fact finding agent. Indeed, we find in the court's "conclusions of law" the following: "Third Party Defendant and Cross-Plaintiff, HOBBS TRAILERS FEDERAL CREDIT UNION, is not in the 'business' of lending money as the legislative intent is expressed in Texas Civil Statutes, Article 6165a, * * *."

■ If the activities of the Federal Credit Union, as of the time of the transaction with plaintiff, did not amount to such a "business", then the provision of Sec. 6, Art. 6165a, relative to wage assignments by married men, would not have application. 6 Tex.Jur.2d, p. 406 "Assignments", sec. 6 "Wages and related rights" (5 Tex.Jur., p. 14, sec. 11); Mason v. Green, 1920 (Tex. Civ.App., Texarkana), 226 S.W. 829. Section 6 of the article provides that assignment of wages to a loan broker by a married man is void unless given with the consent of his wife, who must evidence her consent in writing and by separate acknowledgment.

■ As heretofore indicated the parties to the appeal have primarily briefed their contentions on the law rather than upon facts of the particular case. The employer's general premise is that the Texas statute could have no application to Federal credit unions, organized and operated under authority of Federal statutes, and that the State of Texas is without power, the field having been preempted by the Federal government. To this theory we cannot subscribe. Furthermore, nothing in the Federal statutes purport to authorize and legalize any form of security taken by a Federal credit union which would be illegal and void if taken by another lending agency. It is true that a rate of interest is provided which would be usurious under our statutes, and under the laws of the State of Tennessee. By a decision of that sister state such provision was upheld. Van Pelt v. P. and L. Federal Credit Union, 1955 (Court of Appeals of Tennessee), 282 S.W.2d 794, certiorari denied. Decision of that question would have no bearing upon the question posed in the instant appeal. Propriety of the judgment in this case rests upon the facts, not law.

Judgment is affirmed.