## J. D. McDAVID ET AL. v. GEORGE R. PHILLIPS ET AL.

No. 1571. Decided June 6, 1906.

**1.—Chattel Mortgage—Future Crops.**

A mortgage upon the crop to be raised by the mortgagor on the premises he then rented, and upon all succeeding crops to be raised by him anywhere till the debt was paid, was invalid as to the crop raised by him two years later upon other premises in the same county, not till then rented by him. (Pp. 75–77.)

**2.—Same—After-acquired Property.**

A mortgage is valid only upon property in actual or potential existence at the time of its execution; and as to property to be thereafter acquired by the mortgagor, the parties must have acted in anticipation of the acquisition by the

mortgagor of the very property upon which the lien is asserted and intended that it should be subject thereto.   (P. 76.)

Question certified from the Court of Civil Appeals for the First District, in an appeal from Smith County.

*A Morgan Duke* and *McCord & Bullock,* for appellant.—In order to fix a lien upon the crops to be grown by Harris in the future, the parties to the contract, at the very time of its execution, must have had in contemplation that the very ` crop for the year 1904 was to be raised by Harris on the land described in the contract, and that said crop should be brought in existence in the manner and form as described in said instrument.   Richardson v. Washington & Costly Bros., 88 Texas, 339; Galveston, S. H. & T. V. Ry. Co. v. Hill Mercantile Co., 71 S. W. Rep., 797.

*Fitzgerald & Butler,* for appellee.—The mortgage by its plain, unmistakable, and unambiguous language covered all cotton to be raised by Harris in Smith County for the year 1902, and having further provided that if the indebtedness secured thereby was not paid for any cause, "then this lien shall remain in full force and effect and cover the succeeding crops of the succeeding years until fully paid," and the evidence showing that the indebtedness was not paid and that the cotton on which foreclosure was sought was raised by Harris in Smith County, the court did not err in holding, as a matter of law, that plaintiff's lien covered the same and in instructing the jury to foreclose the mortgage lien.   Richardson v. Washington & Costly Bros., 88 Texas, 339. ·

BROWN, ASSOCIATE JUSTICE.—Certified question from the Court of Civil Appeals for the First Supreme Judicial District, as follows:
"In the spring of 1902 Geo. R. Phillips was a merchant doing business in Tyler, Smith County, Texas, and Brannon Harris was a farmer engaged in raising cotton, corn and other crops on rented lands in that county.   He had resided and followed his calling in that county for years, intended to continue to do so and had no purpose to reside or conduct his business in any other county. .
"On April 19, 1902, Harris executed and delivered to Phillips a mortgage to secure two promissory notes and certain other indebtedness to be thereafter incurred for supplies to be furnished by Phillips.
"The mortgage covered certain livestock and in addition contained the following description of property sought to be brought within its terms, towit: 'My entire crop of cotton, cotton seed and corn, said crops planted and to be planted, cultivated and raised during the year 1902 on the farm belonging to N. T. Mosely situated in Smith County about 13˘ miles east from Tyler or any other land that I ‚may cultivate in said county or have cultivated under my supervision ̀ or I may be entitled to receive as rents from my own property or property that I may have leased from any other person for the year 1902 or any and all crops that I may acquire by purchase or otherwise for said year. And if said indebtedness is not paid from any cause then this lien shall

1906.]       McDAVID v. PHILLIPS.       75

remain in full force and effect and cover the succeeding crops of the succeeding years until finally paid. It is agreed and understood that if from any cause whatever I fail to cultivate the above described lands then this mortgage shall cover the land I do cultivate until this mortgage is paid in full.'

"At the date of the mortgage Harris had the Mosely farm rented only for that year and did not have in mind what land he would rent and cultivate thereafter. At the end of the year 1902 Phillips took the personal property and the crop of that year and applied their value as a credit on the mortgage debt. There remained a balance due. Harris raised a crop in 1903 but none of it was turned over to Philips. In 1904 Harris raised a crop of cotton in Smith County on lands other than the Mosely farm. Of this crop some was bought by Cone & Minor, some by Crawford & Co. and some by J. D. McDavid, all these parties residing and doing business in a county adjoining Smith County. The mortgage had been promptly placed of record in Smith County. The mortgage being still unsatisfied Phillips brought this suit against Harris to foreclose the lien upon the crop of 1904. Cone & Minor, Crawford & Co. and J. D. McDavid were made parties defendant and judgment was sought against them for the value of the cotton covered by the alleged lien and bought and converted by them. The trial court gave judgment as prayed for against all the defendants. J. D. McDavid and Cone & Minor brought the cause here by appeal.

"At a former day of this term the judgment was reversed by this court and judgment rendered for appellants. The cause is now pending before us on motion for rehearing. The majority of the court are now of opinion that the motion should be granted and the judgment affirmed. Justice Reese dissents.

"The judgment was reversed by this court on the ground that the mortgage did not attach to the crop of 1904 because the parties to the mortgage did not have in mind at the date of its execution the particular land upon which the crop of 1904 was to be raised. In so concluding we followed what we believed to be the doctrine laid down in Richardson v. Washington, 88 Texas, 339. Justice Reese adheres to that view and that construction of the case cited. The majority are now convinced that a mortgage upon 'crops to be raised by the mortgagor for future years until the mortgage is discharged' contains a sufficient description and that a mortgage such as the one in question attached to the crop of 1904 when it was brought into existence at the hands of the mortgagor and this notwithstanding the fact that the mortgage did not name nor did the parties have in mind the particular land upon which the crop for that year would be raised and that this conclusion is not inconsistent with the case cited. We therefore certify for your decision the question:

"Did the mortgage constitute a valid lien upon the crop raised by Harris in 1904?"

We answer the question in the negative.

Nothing in actual or potential existence is described by the following language: "And if said indebtedness is not paid from any cause then

this lien shall remain in full force and effect and cover the succeeding crops of the succeeding years until finally paid. It is agreed and understood that if from any cause whatever I fail to cultivate the above described lands then this mortgage shall cover the land I do cultivate until this mortgage is paid in full." That language neither discloses property in existence, which is a proper subject of contract, nor does it give any description by which the thing that was in contemplation of the contracting parties could be identified at that time. In the absence of these elements the mortgage must be held to be void as to creditors. Jones on Chattel Mortgages, sec. 55a; Richardson v. Washington and Costley Bros., 88 Texas, 339; Gwathney v. Etheridge, 99 N. C., 571; Redfield v. Montgomery, 71 Miss., 113; Paden & Co. v. Bellenger, 87 Ala., 577; Muir v. Blake, 57 Iowa, 662; Brown v. Bolt, 116 Mich., 52; Low v. Pew., 108 Mass., 347.

In Richardson v. Washington and Costley Bros., above cited, this court decided that a mortgage upon a crop to be raised during the year 1893 upon one hundred acres of R. F. Jones' farm in Travis County, for which the mortgagor had a lease for that year, was valid. Judge Denman delivered the opinion of the court and by way of argument contrasted the rule applicable to such mortgages in courts of equity and the rule applied by the courts of law, but lest his conclusion might be misunderstood he used the following significant language: "We do not wish to be understood as intimating that a court of equity may foreclose a lien upon property which it can not clearly determine that the parties, at the date of the contract, intended should become subject to such lien when acquired by the grantor, or when it came into existence. On the contrary, a court of equity will not make a contract or create a lien for the parties, and therefore will not foreclose a lien upon property not in esse, or not owned by the grantor, at the date of the contract, unless it is clear, that at such date the parties thereto anticipated the acquisition by the grantor of the very property upon which the lien is sought to be fixed and foreclosed, and intended that it should be subject thereto." It needs no argument to show that the instrument under consideration does not come within the most liberal terms expressed by Judge Denman in that opinion. The property was not in existence at the time the contract was made and no court can say with any certainty that the crop which was raised by the mortgagor in 1904 was in contemplation of the parties as a thing to be acquired in future and to be subject to the lien of that instrument.

In Gwathney v. Etheridge, before cited, the Supreme Court of North Carolina said: "It is essential to an operative sale of property in existence or yet to be produced—as crops from land—that there shall be at the time of the contract of sale, something that specifies, separates and identifies the property sold, so that it may be distinguished from other and like property, presently, or when it comes into existence. There can be no sale of property where the seller can not know what he sells and the buyer can not know what he buys as to its identity. . . . It is not sufficient that the crop will be certain and have identity, when it shall be produced on any lands in Halifax County by the party undertaking to give the lien. The nature of a sale re-

quires that the thing sold shall have distinctive identity at the time that it is sold, whether it is then capable of actual delivery or it will become so at a future time, as the product of something presently identified." The terms of this mortgage did not point out anything which the parties to it could at that time know to be the subject of that contract, nor was the crop which is sought to be subjected to the mortgage here the product of anything which was at the time of the making of the mortgage capable of being identified and in which the mortgagor had an interest.

It would be difficult to frame an instrument with less certainty in its terms than that which is submitted for our consideration. The time of its existence is limited only by the life of the mortgagor, and its locality might be anywhere "on the face of the earth." If such a contract were sustained it would authorize the encumbering of a man's ability to labor for his natural life. Counsel for appellee submits this proposition: "Nor is it any concern of the court whether the mortgage was to run for one year only or for many years, because in this free country parties may contract as they please, in the absence of a statute declaring to the contrary." In this "free country" a man can not sell himself.