ROSS et al. v. SCHULTZ et al. (No. 1834.)

(Court of Civil Appeals of Texas. Texarkana. July 12, 1917. Rehearing Denied Nov. 15, 1917.)

1. CHATTEL MORTGAGES ☞48—SUFFICIENCY OF DESCRIPTION OF PROPERTY—CROPS.

A chattel mortgage describing the property as the first four bales of cotton and cotton seed grown and gathered by the mortgagor in a certain year was sufficiently definite and specific and segregated the mortgaged cotton from the other part of the crop.

2. CHATTEL MORTGAGES ☞116—CONSTRUCTION—PROPERTY MORTGAGED.

A chattel mortgage will convey all property ascertainable from the description, and the specified property becomes subject to the lien, but other property, not within the description contained in the mortgage, will not pass.

3. CHATTEL MORTGAGES ☞138(3) — LIEN — PRIORITIES—LANDLORD'S LIEN.

A landlord furnishing supplies to the tenant directly and through a third party, pursuant to an agreement between him and such third party, had a lien on the tenant's interest in the crop superior to that of a holder of a mortgage given by the tenant on his interest in the crop.

4. CHATTEL MORTGAGES ☞117 — PROPERTY SUBJECT TO LIEN—CROPS.

Where a chattel mortgage given by a tenant described the mortgaged property as the first four bales of cotton and cotton seed grown on the landlord's farm in a certain year, and the value of the tenant's interest in the first four bales was insufficient to satisfy the landlord's superior lien for supplies, the chattel mortgagee had no lien on the remaining bales of cotton and cotton seed, and could not recover for conversion thereof.

Appeal from Robertson County Court; J. L. Goodman, Judge.

Suit by Paul Schultz and others against T. Ross and others. From a judgment for plaintiffs, certain of the defendants appeal. Reversed and rendered.

On December 4, 1914, B. Harlan and wife executed a chattel mortgage to the appellee Schultz to secure payment of their note to him in the sum of $250, and bearing interest from date thereof. The mortgage was duly placed of record in the county clerk's office on December 21, 1914. On November 9, 1915, the appellee Schultz brought the action on the note and to foreclose the chattel mortgage lien, alleging that he had a registered chattel mortgage lien—

"on the following described personal property and chattels, to wit, the first four bales of cotton and cotton seed planted, grown, and gathered by them, the said B. Harlan and wife, on the farm of C. F. Gilstrap, or any other land cultivated by them during the year 1915, each bale of said cotton to weigh not less than five hundred pounds lint and be of good average grade of cotton; also two set of wagon and plow harness, two cultivators and plows complete, one secondhand planter, and all plow implements."

The plaintiff further impleaded appellants T. Ross & Son and C. F. Gilstrap, alleging conversion of the first four bales of cotton gathered by Harlan in 1915 on the farm of C. F. Gilstrap by T. Ross & Son, and of the cotton

seed of the first four bales of cotton by C. F. Gilstrap. B. Harlan was a tenant on the farm of C. F. Gilstrap during the year 1915. C. F. Gilstrap furnished the teams and tools, and was to receive as rent one-half of the crops raised by B. Harlan. All the appellees had actual notice of Schultz's mortgage.

There was trial before the court without a jury, and the court made findings of fact, which, as material to the appeal, are given. The court found that B. Harlan, under his contract of tenancy with C. F. Gilstrap, raised and gathered seven bales of cotton and 1,000 pounds of seed cotton; that C. F. Gilstrap had full possession of and control of the gathering and marketing of all the cotton and cotton seed; that he sold, as belonging to said crop, all of the cotton gathered, the first four bales weighing 2,261 pounds, and sold by defendant Gilstrap to T. Ross & Son for 11¾ cents per pound; that the remaining three bales and the remnant of 1,000 pounds were sold by Gilstrap to T. Ross & Son for 11 cents per pound; that there were four tons of seed, of the value of $40 per ton; that one-half of the cotton and cotton seed belonged to B. Harlan; that C. F. Gilstrap directly furnished and advanced to B. Harlan supplies and advances necessary to make and gather the crop in the sum of $35.50, which was reasonably necessary to make the crop and gather the same; that B. Harlan was further indebted to C. F. Gilstrap for goods, wares, and merchandise furnished him through T. Ross & Son in the sum of $199.94, and that same was a reasonable price therefor and was necessary for Harlan to make and gather the crop on the farm of defendant; that C. F. Gilstrap made arrangements with T. Ross & Son to furnish the supplies before any of the goods, wares, and merchandise were furnished by them to B. Harlan, and that the price of such merchandise was charged on ledger to C. F. Gilstrap by B. Harlan, and that same was so charged pursuant to an agreement by and between Gilstrap and T. Ross & Son. B. Harlan confessed judgment. The court awarded recovery against Gilstrap for the value of one-half the cotton seed, and against T. Ross & Son for the excess of the value of the eight bales of cotton above the landlord's debt.

Perry & Woods, of Franklin, for appellants. H. S. Morehead, of Franklin, for appellees.

LEVY, J. (after stating the facts as above). In view of the pleadings and facts found by the court, it is believed that the appellants' contention should be sustained, and that the court erred in holding the defendants liable in conversion. The plaintiff Schultz pleaded in his petition that he had an existing chattel mortgage upon "the first four bales of cotton and cotton seed planted, grown, and gath-

ered by B. Harlan and wife on the farm of C. F. Gilstrap, or any other land cultivated by them during the year 1915, each bale of said cotton to weigh not less than five hundred pounds lint and be of good average grade of cotton," and further pleaded the conversion of the first four bales of cotton and cotton seed grown and gathered by B. Harlan and wife on the farm of C. F. Gilstrap in the year 1915. And the court finds as a fact that the mortgage given by Harlan to the plaintiff Schultz covered Harlan's one-half interest in—

"the first four bales of cotton and cotton seed planted, grown, and raised by Harlan and wife on the farm of C. F. Gilstrap in Robertson county, Texas, during the year 1915."

[1-4] Thus it appears that the mortgage of the plaintiff specified the property upon which the lien is to take effect, as pleaded and proved, as "the first four bales of cotton and cotton seed" that was to be grown and gathered on the farm of Gilstrap in the year 1915. The description of the property intended to be mortgaged is sufficiently definite and specific and segregates it from the other part of the crop. Robertson v. Mauldin, Montague & Co., 11 Ala. 977; Stearns v. Gafford, 56 Ala. 544. And it is fundamental that a mortgage will convey all the property ascertainable from the description, and the specified property becomes subject to the lien of the mortgage; but other property not within the description contained in the mortgage will not pass under it. 6 Cyc. 1022. Having a mortgage lien expressly covering only the first four bales of cotton and cotton seed, as pleaded and proven, the plaintiff Schultz was not entitled to recover against the appellants; for, as found by the court, appellant Gilstrap, the landlord, furnished

198 S.W.—43

supplies to the tenant directly and through T. Ross & Son, pursuant to an agreement made by and between Gilstrap and T. Ross & Son, to the aggregate amount of $235.45. The legal effect of this finding of fact is to give the landlord, Gilstrap, a lien superior to the mortgage lien of the plaintiff to the full amount of supplies so furnished. And the first four bales of cotton gathered by the tenant were, as found by the court, of the value of $265.66, in only one-half of which the tenant had an interest. The cotton seed of the first four bales of cotton was of the value of $80, and in only one-half of this did the tenant have an interest. Thus the value of the tenant's one-half of the first four bales of cotton and cotton seed gathered in 1915 did not equal the amount of the debt owing to the landlord for the supplies furnished him. And if the proceeds of the sale of the remaining and second four bales of cotton and cotton seed exceeded the unpaid balance of the landlord's debt, the plaintiff Schultz had no right to recover, as of conversion, against appellants for such excess, for the plaintiff Schultz had no lien on the said remaining and second four bales of cotton and cotton seed.

There are no equities set out in the pleadings of the plaintiff entitling him to recover of appellants a judgment for the surplus money in the evidence arising from the sale of the last or second four bales of cotton and cotton seed in evidence.

The judgment, as against appellants, is reversed and here rendered in favor of the appellants. The costs of the trial court incurred by the appellants and the costs of this appeal are taxed against the appellee Schultz. The judgment of the trial court as to Harlan, not being appealed from, will remain undisturbed.