## J. C. WATSON v. D. A. PADDLEFORD & SON.

No. 2748.   Decided May 5, 1920.

(221 S. W., 569.)

**Mortgage—Crop—Description.**

A chattel mortgage on property described as "any three bales of cotton to be planted and cultivated by me in the year 1912, on the place known as

the——farm——miles from R. or any other farm in C. county," was void for
want of certainty as to the property attempted to be mortgaged. Richardson
v. Washington, 88 Texas, 339; McDavid v. Philips, 100 Texas, 73, followed.
(Pp. 526-528).

Question certified from the Court of Civil Appeals for the Third
District, in an appeal from Coleman County.

*M. Marcus Weathered*, for appellant.—Said instrument does not
sufficiently describe the property alleged to have been converted by
this defendant in such manner as to put him on notice of what
property, if any, was intended to be conveyed or mortgaged by
said instrument. McDavid v. Phillips, 100 Texas, 73; 6 Cyc., 1032;
Conley v. Nelin, 128 S. W., 424.

*Critz & Woodward*, for appellees.—The description is sufficient
under the authorities cited: K. C. Smelting & Ref. Co. v. Lopez, 166
S. W., 498; Harles v. Jester, 97 S. W., 138.

MR. JUSTICE GREENWOOD delivered the opinion of the court.

Question certified from the Court of Civil Appeals of the Third
Supreme Judicial District of Texas, in an Appeal from the
County Court of Coleman County.

The certificate of the Honorable Court of Civil Appeals is as
follows:

"To the Supreme Court of Texas:

On the former day of the present term, this court reversed and
rendered the above styled and numbered cause (a copy of the
opinion being hereto attached and made a part of this certificate)
and the case is now pending here on motion for rehearing.

Appellees brought suit against appellant to recover the value of
three bales of cotton, alleged to have been converted by appellant,
and upon which it was alleged appellees had a mortgage. The
descriptive part of the mortgage is as follows: "In consideration
of one dollar to me paid by D. A. Paddleford & Son, payee in the
above note, I hereby sell and deliver to them at Coleman, Texas,
on or before the first day of October, 1912, the following described
property: Any three bales of cotton to be planted and cultivated
by me in the year 1912 on the place known as the ——— farm,
——— miles from Rockwood, or any other farm in Coleman Coun-
ty." We held that this mortgage was void for want of certainty
as to the property attempted to be mortgaged.

With the foregoing statement the Court of Civil Appeals for the
Third District certifies to the Supreme Court the following material
question:

Did this Court err in holding that the mortgage was void for want
of certainty as to the description of the property attempted to be
mortgaged?"

We answer the question in the negative.

In Richardson v. Washington, 88 Texas, 339, 31 S. W., 614, the court decided that a chattel mortgage might be enforced in equity on property not belonging to the mortgagor at the date of the mortgage or not in actual or potential existence, though the mortgage would be void at law. However, the opinion declared that in order for a mortgagee to be entitled, in equity, to a foreclosure on such property it must be clear that at the date of the mortgage the parties anticipated the mortgagor's acquisition of the very property on which the lien was sought to be foreclosed and intended it to be subject to the mortgage.

Then, the case of McDavid v. Phillips, 100 Texas, 73, 94 S. W., 1131, presented the specific question as to whether a valid lien was created on a tenant's 1904 crop by a mortgage given by him in the spring of 1902, on his crop for 1902 on a described farm or elsewhere, it being expressly stipulated that if the debt secured by the mortgage was not paid then the lien should remain in full force and effect and cover the succeeding crops of the succeeding years until finally paid, and that if the mortgagor failed to cultivate the described land then the mortgage should cover the land which he might cultivate until the debt was fully paid. A majority of the Galveston Court of Civil Appeals became convinced that a mortgage upon "crops to be raised by the mortgagor for future years until the mortgage is discharged" was not void for want of description, "notwithstanding the fact that the mortgage did not name nor did the parties have in mind the particular land upon which the crop for that year would be raised." Associate Justice Reese dissented from the view of the majority and therefore the question presented was certified to this court. The opinion of Judge Brown, in answer to the question, announced that the mortgage was void as to creditors for lack of "any description by which the thing that was in contemplation of the contracting parties could be identified at that time," since "the terms of this mortgage did not point out anything which the parties to it could at that time know to be the subject of that contract, nor was the crop which is sought to be subjected to the mortgage here the product of anything which was at the time of the making of the mortgage capable of being identified and in which the mortgagor had an interest."

There is nothing in the description "any three bales of cotton to be planted and cultivated by me in the year 1912 on the place known as the ——— farm, ——— miles from Rockwood or any other farm in Coleman County," to point out any particular cotton as that to which the parties then contemplated a lien would attach, or to point out any particular land on which the cotton was to be produced, and, therefore, the cases of Richardson v. Washington

and McDavid v. Phillips are decisive against the sufficiency of the description.

The opinion in McDavid v. Phillips cites with approval the opinion of the Supreme Court of North Carolina in Gwathney v. Etheridge, 99 N. C., 573, 6 S. E., 411.   The description held insufficient in that case was of the mortgagor's crop for a certain year on any lands which he might cultivate in a certain county other than described lands.   In holding the mortgage void for uncertainty, the court said:  "The clause did not presently, at the time of the contract of sale, designate any particular lands to be cultivated, and the crops be produced on them;   the plaintiffs could not then know what crops, if any, they were buying, or what they would get at the end of the year, nor did the sellers know what they were selling;   there was then nothing certain, to give point and direction to the lien sought to be created, as there would have been if the description had been the 'crops to be produced on W. W. Carter's home place—his own land'—or the like description."   The court then added the words, quoted in the opinion in McDavid v. Phillips, that "it is not sufficient that the crop will be certain when it shall be produced on any lands in Halifax County by the parties undertaking to give the lien."

In re-affirming the doctrine announced in Gwathney v. Etheridge, *supra,* the Supreme Court of North Carolina said:  "The authorities fully sustain the position that to constitute a valid mortgage upon a crop there must be some designation of the land upon which the crop is to be cultivated, . . . and that a conveyance of the crops on lands described, and on any other lands the mortgagor may cultivate is effective as to the crops on the land described and void as to other crops."   Hurley v. Ray, 160 N. C., 379, 76 S. E., 234.

In re-affirming the doctrine announced in the case of Muir v. Blake, 57 Iowa, 662, 11 N. W., 621, which is also cited in McDavid v. Phillips, the Supreme Court of Iowa declared:  "There should be a designation of the property conveyed, and of the place where it may be found.   Not that it is necessary in all cases to describe each article in detail, but the description should be sufficiently specific to enable a third person to go to the place indicated and set the property apart. . . .   It must be manifest that a description reading 'twenty-five acres of corn hereafter to be grown in Franklin county,' would not, taken alone, be sufficient to lead to an identification of such property.   It is not a sufficient location of property to say that it is in a county named."   Bank v. Stockdale, 121 Iowa, 752, 96 N. W., 732.

The Court of Civil Appeals did not err in the conclusion that the mortgage was void for want of a sufficient description, though it were held that a mortgage of *any* three bales of cotton to be raised by the mortgagor in a certain year on described land, would con-

fer the right on the mortgage to select three bales from a larger number raised during the year by the mortgagor on the land described, following the decisions in Oxsheer v. Watt, 91 Texas, 124, 66 Am. St., 863, 41 S. W., 466, and Avery v. Popper, 92 Texas, 337, 71 Am. St., 849.