**HOUSTON NAT. EXCH. BANK v. OSCEOLA IRRIGATING CO. et al. (No. 8405.)**

(Court of Civil Appeals of Texas. Galveston. Nov. 17, 1923. Rehearing Granted March 27, 1924. Rehearing Denied April 17, 1924.)

**1. Landlord and tenant ⬚255—Stockholders furnishing supplies to tenants of corporation held not entitled to landlord's lien.**

Stockholders furnishing supplies and making advances to tenants of corporation, from store conducted by stockholders through one of them as agent, who also conducted the corporate business for their benefit, held not entitled to landlord's lien, which inures to benefit of landlord only even if they were equitable and real owners of land and might themselves have made valid lease thereof.

**2. Corporations ⬚1—Legal entity distinct from members or stockholders.**

A corporation is a legal entity or artificial person entirely distinct from its members or stockholders, and its acts, through its officers or agents, are its own and not those of its members.

**3. Chattel mortgages ⬚48—Crop mortgage held not void for insufficiency of description.**

Recorded mortgage executed March 16, 1920, on crop being grown or to be grown by mortgagor on land cultivated by him in B. county or any other county during 1920 "and all other years until my indebtedness to grantee is paid," *held* not void for insufficiency of description, as respects crop raised in 1920, on land in B. county then in possession of, and being cultivated by, mortgagor, even if ineffectual as to subsequent crops.

**4. Chattel mortgages ⬚47—Description putting on inquiry as to identity of property gives notice if recorded.**

Description of mortgaged property sufficient to put third persons on inquiry, which, if reasonably pursued, would definitely identify property, is sufficient, if mortgage is recorded, to give notice.

**On Motion for Rehearing.**

**5. Appeal and error ⬚221 — Findings and judgment not complained of conclusive on appellate court.**

Findings and judgment of court as to amounts due plaintiffs and intervening mortgagee, in action for rent and advances to lessees, are conclusively binding on appellate court, where not complained of by defendants.

Appeal from District Court, Harris County; Chas. E. Ashe, Judge.

Action by the Osceola Irrigating Company and others against the Houston National Exchange Bank and others, in which the Columbia State Bank intervened. From judgments for plaintiffs and intervener, defendant bank appeals. Affirmed in part, and reversed and rendered in part.

Thos. B. Boots, of Houston, for appellant. Carothers & Brown, of Houston, for appellees.

PLEASANTS, C. J. Appellee, the Osceola Irrigating Company, a corporation, and T. L. Smith and a number of other plaintiffs, who are the children and heirs of Nellie L. Smith, the deceased wife of T. L. Smith, brought this suit against E. A. Dudley, E. Stahl, W. L. Dudley, and E. C. Dudley, and the appellant Houston National Exchange Bank.

The petition recited, in substance, that the plaintiff Osceola Irrigating Company was a Texas corporation; that the plaintiffs, other than T. L. Smith, are the children of the said T. L. Smith and his deceased wife, Nellie L. Smith; that the defendants E. A. Dudley, E. Stahl, W. L. Dudley, and E. C. Dudley rented certain lands in Brazoria county for farming purposes from plaintiffs; that a lease contract was entered into by and between such parties, such contract being signed by Osceola Irrigating Company by T. L. Smith, president. The suit was brought to recover from such lessees rent in the amount of $2,585, and advances to such lessees made by the firm of J. G. Smith & Bro., a firm composed of all the plaintiffs, except the Osceola Irrigating Company, in the

amount of $2,514.98, for which amounts plaintiffs claimed a landlord's lien on the crops raised by such lessees. It was alleged by plaintiffs that the defendant Houston National Exchange Bank was claiming some sort of a lien against the rice crop raised by such lessees during the year 1920.

The defendant E. A. Dudley filed an answer containing a general denial, but the defendants E. Stahl, W. L. Dudley, and E. C. Dudley failed to answer, and a default judgment was taken against them.

The defendant Houston National Exchange Bank answered, denying the right of plaintiffs to a lien on such rice crop, other than that securing about $1,585, which might be due the plaintiff Osceola Irrigating Company for rent for the year 1920, and especially denying the right of the plaintiffs as members of the firm of J. G. Smith & Bro. to any lien whatever as against the rice crop of the Dudleys for advances.

The defendant Houston National Exchange Bank also, by way of replication and cross-action, set up a chattel mortgage given by the defendant E. A. Dudley to said bank on May 31, 1920, covering the rice crop in question, to secure Dudley's indebtedness to said bank, amounting to $7,150 represented by a note signed by E. A. Dudley and also one by A. W. McDonald, as well as any future indebtedness that might be due said bank by said Dudley. Said cross-action set out the original note for $7,150, signed by E. A. Dudley and A. W. McDonald, which was entitled to two credits, one for $3,801.85 and the other for $472.76, and also two other notes signed by E. A. Dudley and A. W. McDonald, one for $4,000 and the other for $500, and asked that the said A. W. McDonald be made a party to such suit, and asked for judgment for the debt and foreclosure of such chattel mortgage lien as against said rice crop.

The Columbia State Bank intervened in the suit, alleging that on March 16, 1920, the said E. A. Dudley had given to it a chattel mortgage on said rice crop, as well as on other personal property to secure it for an indebtedness of $1,500 and future advances, and claiming an indebtedness on various notes as follows: $1,500, dated March 16, 1920; $500, dated April 20, 1920; $1,000 dated April 27, 1920; and $1,825, dated November 26, 1920, and asked for a foreclosure of its lien against said rice crop and other personal property.

The Houston National Exchange Bank, in its reply to such intervention, pleaded want of notice, either actual or constructive, of the Columbia State Bank's mortgage, contending that the description of the property in such mortgage was vague and uncertain and was insufficient to put it on notice.

By agreement of the parties the rice crop in question was sold for the sum of $8,197.82, and the proceeds of such sale was deposited with the Houston Land & Trust Company, subject to such liens as might be established in this litigation.

The suit was tried before the court without a jury, who rendered judgment for the plaintiffs for $4,482.96 for rent and advances, with a foreclosure of a landlord's lien on such rice crop as the first lien, judgment for the intervener, Columbia State Bank, for the sum of $6,160, with the foreclosure of its lien on such rice crop, subject only to the landlord's lien, and rendered judgment for the Houston National Exchange Bank for $10,490.67 and foreclosure of its lien on such crop, subject to both the liens given plaintiffs as landlord, and that of the intervener, Columbia State Bank.

Appellant makes no complaint of that portion of the judgment fixing the several amounts for which judgment was rendered, but under appropriate assignments and propositions assails that portion of the judgment giving plaintiffs a landlord's lien upon the crop for the advances furnished the tenants by the firm of J. G. Smith & Bro. and that portion subordinating appellant's lien to the lien of the intervener, Columbia State Bank. There is no conflict in the testimony, and the questions presented are purely questions of law.

[1] The land upon which the crop was raised was leased to the defendant tenants by the Osceola Irrigating Company, a corporation. All of the stock in the corporation had been acquired by T. L. Smith prior to the death of his wife, Mrs. Nellie L. Smith, and was their community property. The title to the land was in the corporation, and the business of the irrigating company was continued by T. L. Smith as a corporate business after the death of his wife.

For some time prior to the death of his wife Smith conducted and held as property of the community a general merchandise store, which was conducted under the name of J. G. Smith & Bro. After the death of Mrs. Nellie Smith it was agreed between T. L. Smith and his said children that the community estate, including the properties of the Osceola Irrigating Company and the stock of merchandise being operated under the name of J. G. Smith & Bro., should be kept together and operated for the benefit of all the plaintiffs by the said T. L. Smith, and all of said business has been conducted by the said T. L. Smith in that manner at all times since.

The advances and supplies to the tenants were made from the store of J. G. Smith & Bro. These supplies and advances, for which the trial court foreclosed a landlord's lien in favor of Osceola Irrigating Company and T. L. Smith and his children, plaintiffs in the suit, amounted to the sum of $2,514.98.

We agree with the appellant in the proposition that upon these facts neither the corporation nor the individual plaintiffs had a

landlord's lien for the supplies and advances made to the tenants. The landlord's lien given by our statute inures to the benefit of the landlord only, and it seems clear to us that the landlord in this case was the corporation and not the individual stockholders who furnished the supplies and made the advances from the store conducted by them through their agent, T. L. Smith.

[2] We do not think the facts of this case bring it within any exception to the general rule that a corporation is a legal entity or artificial person entirely distinct from its members or stockholders, and that its acts through its officers or agents are the acts of this legal entity or artificial person as distinguished from the persons who compose its membership. Corpus Juris, vol. 3, p. 709; Cook on Corporations, vol 3, § 709.

It may be true, as found by the trial court and urged by appellant, that the stockholders of the corporation are the equitable and real owners of the land, and as such might have themselves made a valid lease of the land. Aransas Pass Harbor Co. v. Manning, 94 Tex. 558, 63 S. W. 627. In such case they would have been entitled to a landlord's lien for advances made and supplies furnished by them to the tenant, but when the lease was made by the corporation as such, and the individual stockholders thus relieved of any individual responsibility for damages that might have been caused by a breach of the contract by the corporation, no rule of law or equity will give them the rights and benefits they might have been entitled to had they assumed the responsibilities incident to the execution of the lease in their individual capacities.

[3] The second ground urged by appellant for reversal of the judgment is based upon the proposition that the mortgage given the intervener, Columbia State Bank, which was prior to the mortgage given the appellant, is void for insufficiency of description of the property mortgaged. The description in the mortgage is as follows:

"My entire crop of corn, cotton, cotton seed, peanuts and all other crops and produce now being grown or to be grown by me or those working with, under or for me, on any land cultivated by me or them in Brazoria county, Texas, or any other county for and during the year 1920, and all other years until my indebtedness to grantee is paid."

Prior to the execution of this mortgage, the mortgagors had obtained the lease from the Osceola Irrigating Company and were in possession and cultivating the 300 acres of land upon which the rice crop in controversy here was grown.

[4] We cannot agree to the proposition that the mortgage was void for insufficiency of description. It may be true that, in so far as it purported to give a mortgage upon any crop raised on any land cultivated by the mortgagees in Brazoria county in years succeeding 1920, it was ineffectual, but, in so far as it applied to the land then in possession and being cultivated by the mortgagors and to the crop raised during 1920 on said land, we see no reason for holding the description insufficient. The mortgagors had a potential interest in the crop that they were then preparing to plant and which was subsequently grown during the season of 1920 upon the land which they held under the lease from the irrigating company. The instrument itself gave sufficient description of the property to put third persons upon inquiry which, if reasonably pursued, would have identified the property definitely. As we understand the decisions, such a description is sufficient not only as between the parties to the instrument but as to third parties. This mortgage being of record at the time appellant obtained its mortgage, it was charged with notice of the prior lien.

We think the facts in this case distinguish it from the case of Watson v. Paddleford, 110 Tex. 525, 221 S. W. 569, cited and relied on by appellant. The mortgage in that case was upon three bales of cotton to be raised and gathered by the mortgagor out of a crop to be raised by him on the land he had then leased. There is no possible way from anything stated in the mortgage itself to identify what three bales of cotton were intended to be covered by the mortgage. Had the mortgage in that case, as in this, covered the entire crop raised on the place, it would not, we think, have been held insufficient.

The record discloses that the proceeds from the sale of the rice, which, under the agreement, is the sole subject-matter in dispute, is insufficient to pay the amount found due the intervener and the amount adjudged plaintiff for rent. This being so, the error of the court in adjudging plaintiff a lien for supplies and advances, which we have hereinbefore discussed and pointed out, becomes immaterial and will not authorize a reversal of the judgment.

It follows from the conclusion above stated that the judgment of the trial court should be affirmed, and it has been so ordered.

Affirmed.

On Appellant's Motion for Rehearing.

In a motion for rehearing filed by appellant, complaint is made of the following paragraph of our original opinion:

"The record discloses that the proceeds from the sale of the rice, which, under the agreement, is the sole subject-matter in dispute, is insufficient to pay the amount found due the intervener and the amount adjudged plaintiff for rent. This being so, the error of the court in adjudging plaintiff a lien for supplies and advances, which we have hereinbefore discussed and pointed out, becomes immaterial and will not authorize a reversal of the judgment."

We find from a more careful examination of the record that this complaint is well

founded. We were misled by the calculation contained in the brief of appellees of the amount due the intervener and the amount due the plaintiffs for rents at the date of the judgment. The accuracy of this calculation was not challenged by appellant, and we assumed it to be correct without making further examination of the record.

[5] The trial court found that the amount due the intervener on the notes upon which its suit was brought amounted, at the date of the judgment, to the sum of $6,160.95, and that the sum due plaintiffs for rent of the land and for advances for the year 1920 was $4,482.95, and rendered judgment in favor of intervener and plaintiffs, respectively, for said amounts, with interest thereon from the date of judgment, and foreclosure of liens upon the crop, the proceeds of which is the subject-matter of this suit.

The findings of fact filed by the trial court show that for the year 1920 the defendants Dudleys and Stahl cultivated 318.7 acres of plaintiffs' land, for which they agreed to pay $5 per acre, and that this rent was payable on October 1, 1920. This is the rent included in the $4,482.95 item above stated for which the lien in favor of plaintiffs was foreclosed.

The findings and judgment of the trial court fixing and adjudging the respective amounts due the plaintiffs and the intervener is not complained of by either of said appellees, nor by the appellant, and is conclusively binding upon this court.

It is further found by the trial court that the proceeds of the crop, which was held by the agreed custodian for distribution between the parties as their respective liens might be established and foreclosed, amounted to the sum of $8,192.82.

From this statement of the findings and judgment it is shown that after adjudging that the intervener be paid out of said fund the sum of $6,160.95 and the plaintiffs the amount of rents due them for the year 1920 for 318.7 acres of land at $5 per acre (which amounts to the sum of $1,593.50), with interest thereon at 6 per cent. from October 1, 1920, to the date of the judgment, there remains a balance in said fund of $283.31 which should be adjudged to appellant.

This being the state of the record, our former judgment affirming the judgment of the trial court in its entirety must be set aside, and upon the conclusions of law expressed in our former opinion that portion of the judgment giving plaintiffs a lien on the rice crop for the advances and supplies furnished the defendants Dudley and Stahl will be reversed, and judgment here rendered in favor of appellant for the amount of the proceeds of said crop in the hands of the custodian of said fund at the time judgment was rendered in the court below remaining after allowing the intervener the sum of $6,160.95 and the plaintiffs the sum

of $1,592.50, with interest thereon from October 1, 1920, to June 3, 1922, the date of the judgment below.

From the findings of the trial court before set out as to the amount of the fund in the hands of the custodian at the date of the judgment, the sum which the appellant was entitled to receive out of the fund would be $283.31, as above stated.

It is stated in the motion that in addition to the sum of $8,192.82 found by the trial court to be the amount in the hands of the custodian, there was interest due on said amount by the custodian which should be added thereto. If this be true, appellant would have been entitled to all of the accrued interest in the fund at the date of the judgment below. But, as before said, there being no complaint against the findings of the trial court, we are bound thereby and can only render judgment in favor of appellant for the sum of $283.31 of said fund. Any interest that may have accumulated on said fund since the date of judgment below should be apportioned between the owners of the fund as above adjudicated. In all other respects the judgment will be affirmed.

The very forceful motion for rehearing calls our attention to another statement in our original opinion which we think is incorrect and should be withdrawn. In discussing the case of Watson v. Paddleford, 110 Tex. 525, 221 S. W. 569, we said in our former opinion:

"Had the mortgage in that case, as in this, covered the entire crop raised on the place, it would not, we think, have been held insufficient."

A more careful consideration of the opinion in the case cited shows that the holding that the mortgage under consideration in that case was invalid was not based upon the uncertainty in the description of the bales of cotton intended to be mortgaged, but upon the broader principle that the mortgage described no property in actual or potential existence at the time the mortgage was executed. The basis of that decision is found in the following quotation from the opinion of Judge Brown in the case of McDavid v. Phillips, 100 Tex. 73, 94 S. W. 1131.

"The terms of this mortgage did not point out anything which the parties to it could at that time know to be the subject of that contract, nor was the crop which is sought to be subjected to the mortgage here the product of anything which was at the time of the making of the mortgage capable of being identified and in which the mortgagor had an interest."

This cannot be said of the mortgage under which interveners claim in this case. As stated in our former opinion, at the time this mortgage was executed the mortgagors were in possession of the 318.7 acres of land leased by them from the plaintiffs for the year 1920 and were cultivating or planting thereon

the rice crop which interveners are claiming was covered by the mortgage. This was the only crop shown to have been cultivated by plaintiff on land in Brazoria county during the year mentioned. Such being the facts, it certainly cannot be said that the mortgage did not point out as the subject of the contract property having a potential existence, in which the mortgagors had an interest, and known and capable of being certainly identified by the parties.

It seems clear to us that as to the crop raised on the 318.7 acres of land during the year 1920 the description contained in the mortgage is sufficient. The fact that the mortgage includes other property not sufficiently described cannot offset its validity as to the property sufficiently described.

The mortgage being valid and binding as between the parties, and the description of the property contained therein being sufficient to put third persons on inquiry, which, if pursued with reasonable diligence, would have enabled them to identify the property with certainty, we feel constrained to adhere to our original opinion that the trial court correctly held that the record of this mortgage charged appellant with notice at the time it took its mortgage from the plaintiffs that the crop in question was covered by the mortgage held by the interveners, and appellant's mortgage is therefore subordinate to that of the interveners.

We think the following authorities sustain these conclusions: Richardson v. Washington, 88 Tex. 339, 31 S. W. 614; Perkins v. Alexander (Tex. Civ. App.) 209 S. W. 790; Ross v. Schultz (Tex. Civ. App.) 198 S. W. 672; Johnson v. Brown (Tex. Civ. App.) 65 S. W. 485; Harless v. Jester (Tex. Civ. App.) 97 S. W. 138; Conely v. Dimmitt County State Bank (Tex. Civ. App.) 181 S. W. 272.

The motion for rehearing having been granted, our former judgment will be set aside, and a judgment entered as above indicated.