### FARMERS' & MERCHANTS' NAT. BANK OF KAUFMAN v. HOWELL et al.
### (No. 130.)

(Court of Civil Appeals of Texas. Waco. Jan. 15, 1925. Rehearing Denied Feb. 5, 1925.)

1. **Chattel mortgages ⬤➾106 — Evidence of mortgagor's statements to mortgagee at time of execution of mortgage held competent to establish validity of mortgage.**

Evidence of cashier of mortgagee bank that at time mortgage was executed, mortgagor told him he had rented land on named farm in K. county and was then living on it and had most of his crops planted and that crops on farm were only crops he had in 1920, *held* competent to establish validity of mortgage covering "all crops for the year 1920."

2. **Chattel mortgages ⬤➾17, 48—Mortgagor's interest in crops held mortgagable; description as all crops for year 1920 held sufficient.**

Where, at time mortgage was executed, mortgagor was in possession of land rented by him for 1920 and had most of his crops planted, all of crops constituted property subject to mortgage, and description thereof in mortgage as all crops for 1920 was sufficient.

3. **Chattel mortgages ⬤➾47 — Description is certain that is capable of being made certain.**

*Description in conveyance or transfer of* any kind is certain that is capable of being made certain.

4. **Chattel mortgages ⬤➾47—Rule of description in mortgages as to third parties stated.**

Rule as to description of mortgages as to third parties is that it should be such as would enable them to ascertain same by aid of inquiries which mortgage itself indicates.

5. **Chattel mortgages ⬤➾48—Mortgage held sufficient to charge buyer of cotton with notice that seller's crop was mortgaged.**

Mortgage *held* sufficient to charge buyer of cotton from mortgagor with notice that seller

was farmer in K. county, that he made crop therein in 1920, and that crop was covered by mortgage to plaintiffs.

Barcus, J., dissenting.

Error from Kaufman County Court; W. P. Williams, Judge.

Action by the Farmers' & Merchants' National Bank of Kaufman against G. W. Howell and others. Judgment for defendants, and plaintiff brings error. Reversed and remanded.

Woods & Morrow and H. R. Young, all of Kaufman, for plaintiff in error.

Wynne & Wynne and Terry & Brown, all of Kaufman, for defendants in error.

STANFORD, J. Plaintiff in error filed this suit, and the parties will be designated herein as in the trial court. The only issue involved in this appeal is whether a mortgage given by G. W. Howell to plaintiff sufficiently described the cotton raised by Howell for the year 1920 in Kaufman county, to give plaintiff a mortgage lien on same, and to put the defendants, who purchased the cotton from Howell, on notice thereof. The mortgage is dated April 20, 1920, and the descriptive portion is:

"I, G. W. Howell, of Kaufman county * * * do by these presents mortgage, sell, and convey unto the Farmers' & Merchants' National Bank of Kaufman, Tex., its heirs and assigns, the following described property, to wit: One wagon, all harness, cultivator, all plow tools and implements, two head of hogs, all crops for the year 1920. Said property is located in Kaufman county, Tex., and is owned by me in good faith under perfect title, free of all liens."

The defendant Howell filed no answer. The court sustained objections by all the other defendants to that part of said mortgage covering all crops for the year 1920, upon the ground that the description was insufficient to create a lien on said crops, and upon the further ground that said description was insufficient to charge the defendants with notice of any mortgage lien on the cotton purchased by them from Howell. The action of the court in excluding said part of said mortgage was duly excepted to by plaintiff by its bill of exception No. 1, and complained of in its assignments of error Nos. 1, 2, and 3.

[1] Plaintiff then offered to prove by its cashier, J. A. Cooley, that at the time G. W. Howell executed said mortgage to the plaintiff bank, on April 20, 1920, that the said Howell told him he had rented for the year 1920, land on the Brown and Trail farm in Kaufman county, Tex., and was then living on said rented land and had most of his crops planted, and that his crops on the Brown and Trail farm were the only crops

---

⬤➾For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

he had in the year 1920, and said witness testified he knew where said farm was, and where Howell lived on said farm. Upon objection to this evidence by all the defendants, upon the ground that same was immaterial and was hearsay evidence as to defendants, the court excluded said evidence, Plaintiff excepted to the action of the court in excluding said parol evidence by its bill of exception No. 2, and complains of the action of the court in refusing to hear this evidence in its assignment of error No. 4.

Our Supreme Court, in the case of Fort Worth National Bank v. Red River National Bank, 84 Tex. 369, 19 S. W. 517, where a similar question was involved, said:

"Written descriptions are to be interpreted in the light of the facts known to and in the minds of the parties at the time. They are not prepared for strangers, but for those they are to affect—the parties and their privies."

Parol testimony is admissible to aid the written description, such as that the mortgagor was, at the time of the execution of the mortgage, living on the rented land, and had his crop planted, that he had no other crop, etc. The mortgage here involved was given by Howell to plaintiff on April 20, 1920, covering all crops raised by Howell in Kaufman county during said year. At least, this is the evident meaning and intention of the parties as expressed in said mortgage. The defendants never became interested in the subject-matter of said mortgage until they bought a part of the cotton the following fall which Howell raised on said farm during said year. The evident purpose of this evidence was to show a valid mortgage had been executed by Howell to the plaintiff on April 20, 1920, and not for the purpose of charging defendants with notice of said mortgage, and the fact that defendants, six months later, became interested by buying a part of the mortgaged property, is no reason for depriving plaintiff of legitimate evidence to establish the validity of the mortgage when it was originally entered into. If defendants had so requested, they would have been entitled to have the consideration of said evidence confined to the validity of the mortgage as originally entered into. Counsel for defendants suggest in their brief that this evidence was admitted as to defendant Howell, but in this they are in error, as shown by the record. The trial court erred in excluding this evidence. Bank v. Bank, 84 Tex. 369, 19 S. W. 517; Conley v. Dimmit County State Bank (Tex. Civ. App.) 181 S. W. 271. We sustain plaintiff's fourth assignment of error.

[2] As sustaining their contention that the description of the crop contained in the mortgage given by Howell to plaintiff was insufficient to create a valid mortgage, defendants rely upon the opinion of our Supreme Court, in the case of Watson v. Paddleford & Son,

110 Tex. 525, 221 S. W. 569. In this case the mortgage was dated January 1, 1912, and the description was as follows:

"Any three bales of cotton to be planted and cultivated by me in the year 1912 on the place known as the —— farm, —— miles from Rockwood or any other farm in Coleman county."

The Court of Civil Appeals for the Third district (220 S. W. 779), held this description insufficient, citing Richardson v. Washington, 88 Tex. 339, 31 S. W. 614, and McDavid v. Phillips, 100 Tex. 73, 94 S. W. 1131, basing their holding on the ground that the term "any three bales" did not designate any particular cotton, and said further:

"Had the mortgage been on the first three bales to be raised and gathered by the mortgagor, or on all of the cotton to be raised by him, it might be said that this description would be sufficient to identify the cotton when raised."

This question was certified to our Supreme Court, which approved the holding of the Court of Civil Appeals, and said further:

"There is nothing in the description 'any three bales of cotton to be planted and cultivated by me in the year 1912 on the place known as the —— farm, —— miles from Rockwood or any other farm in Coleman county,' to point out any particular cotton as that to which the parties then contemplated a lien would attach, or to point out any particular land on which the cotton was to be produced, and, therefore, the cases of Richardson v. Washington and McDavid v. Phillips are decisive against the sufficiency of the description."

In the case of Richardson v. Washington, M. C. Alexander, a tenant of R. F. Jones, on January 23, 1892, executed a mortgage on all crops to be raised by him on 100 acres of land he then had rented for the year 1892, but did not have leased for the year 1893, to Washington & Costley Bros., merchants, for supplies. The mortgage provided that if for any reason Alexander's indebtedness was not paid out of the proceeds of the crops raised by Alexander during the year 1892, then said mortgage would attach to crops to be raised during the year 1893. In other words, the question was, could a tenant give a mortgage on crops to be raised on certain land during a certain year, when at the time of giving said mortgage he had no lease on same for said year?

In the case of McDavid et al. v. Phillips et al., 100 Tex. 73, 94 S. W. 1131, a mortgage was given on crops to be raised during the year 1902 on certain land, and provided, in effect, that if the debt secured was not paid from the proceeds of said crop for 1902, then such lien should remain in full force and effect and cover the succeeding crops for the succeeding years. The question was whether or not this mortgage could create a valid lien on the crops for the future years

1903 or 1904 on other land in said county, when, at the time of its execution, the mortgagor had no lease on the same land or any other land for either of said years? Our Supreme Court, as well as the Court of Civil Appeals, having cited the above cases as decisive of the question involved in the case of Watson v. Paddleford, makes it apparent that both courts treated the mortgage in the Watson Case, which was dated January 1, 1912, as one attempting to create a lien on cotton to be grown on land which the tenant at said time had not rented, and so the mortgagor himself could not point out any particular land on which the cotton was to be produced; and the Supreme Court very properly based its opinion, not alone upon the uncertainty in the description of the bales of cotton intended to be mortgaged, but also upon the broader principle that the mortgage described no property in actual or potential existence at the time the mortgage was executed. But no such question arises in this case. On April 20, 1920, at the time the mortgage in this case was executed, the mortgagor was in possession of the land rented by him for the year 1920, and had most of his crops planted. He having not only a potential, but an actual property right in said crops, all of said crops constituted property subject to a valid mortgage. Richardson v. Washington, 88 Tex. 339, 31 S. W. 614; McDavid v. Phillips, 100 Tex. 73, 94 S. W. 1131; Perkins v. Alexander (Tex. Civ. App.) 209 S. W. 790; Houston Bank v Oceola Irrigation Co. (Tex. Civ. App.) 261 S. W. 561.

Neither did the question of insufficiency of description of the property mortgaged, which was discussed by the Court of Civil Appeals in the Watson Case, arise in this case. In the Watson Case the description was:

"Any three bales of cotton to be planted and cultivated by me in the year 1912 on the place known as the —— farm, —— miles from Rockwood or any other farm in Coleman county."

This did not identify any particular cotton that might be raised by the mortgagor. But in this case the mortgage covers "all crops for the year 1920 in Kaufman county." There is nothing indefinite about this as to the property covered. It was not necessary to separate a part of the crops raised in Kaufman county by Howell during the year 1920 from other crops raised by him during said year. We think this description of the crops was sufficient, even without the parol evidence erroneously excluded by the court, as above pointed out, but, with this evidence admitted, there can be no question as to the sufficiency of said description, nor as to the validity of said part of said mortgage. The trial court was in error in excluding all that part of said mortgage

covering all crops of Howell in Kaufman county for the year 1920. We sustain plaintiff's first assignment of error. Smith v. Texas & N. O. Ry. Co. (Tex. Civ. App.) 105 S. W. 531; Harless v. Jester (Tex. Civ. App.) 97 S. W. 138; Conley v. Dimmit County State Bank (Tex. Civ. App.) 181 S. W. 272; Houston Bank v. Oceola Irrigation Co. (Tex. Civ. App.) 261 S. W. 563.

[3-5] A description in a conveyance or transfer of any kind is certain that is capable of being made certain. The rule in regard to the description in mortgages as to third parties is that it should be such as would enable third parties to ascertain the same by the aid of those inquiries which the mortgage itself indicates. In this case the mortgage itself was sufficient to charge defendants with notice of the facts that G. W. Howell was a farmer, residing in Kaufman county, that he made a crop in said county during the year 1920, and that said crop was covered by a mortgage to plaintiff. These facts were sufficient notice to defendants, if they had made any inquiry at all, as suggested by the mortgage, that they could have and would have known all about this mortgage and the property it covered. In fact, all that was necessary to secure absolute knowledge that the cotton they bought was mortgaged to plaintiff, was for them, at the time they bought said cotton, to ask Howell if he raised said cotton in Kaufman county during the year 1920. Smith v. Texas & N. O. Ry. Co. (Tex. Civ. App.) 105 S. W. 531; Harless v. Jester (Tex. Civ. App.) 97 S. W. 138; Conley v. Dimmit County State Bank (Tex. Civ. App.) 181 S. W. 272; Houston Bank v. Oceola Irrigation Co. (Tex. Civ. App.) 261 S. W. 563.

We sustain plaintiff's second and third assignments of error, and, for the errors above pointed out, reverse and remand said cause to the trial court for further proceedings not inconsistent with this opinion.

BARCUS, J. (dissenting). I regret that I cannot agree with my associates in the disposition of this cause. I do not think the description in the mortgage:

"I, G. W. Howell, of Kaufman county, * * * mortgage, sell, and convey to the Farmers' & Merchants' National Bank * * * all crops for the year 1920. Said property is located in Kaufman county, Tex., and is owned by me in good faith,"

—sufficiently describes the cotton which was raised by Howell, in Kaufman county, to fix a mortgage thereon, especially as against the appellees, who purchased the cotton from Howell for value. There is nothing in the description which states what crops were in contemplation of the parties, nor the kind, nor the location, nor the land on which they were to be grown. The description in the mortgage embraces all crops in Kaufman

county, on April 20, 1920, the date of the mortgage, of every kind, class, and description, and states in effect that Howell owns all of said crops. In my opinion, the case of Watson v. Paddleford & Son, 110 Tex. 525, 221 S. W. 569, by the Supreme Court, is decisive of this case. The description in that mortgage was:

"Any three bales of cotton to be planted and cultivated by me in the year 1912 on the place known as the ――― farm, ――― miles from Rockwood or any other farm in Coleman county."

The Supreme Court stated:

"There is nothing in the description * * * to point out any particular cotton as that to which the parties then contemplated a lien would attach, or to point out any particular land on which the cotton was to be produced."

In this case, in addition to the above, there is nothing in the mortgage to point out any particular crop or kind of crop intended.

The trial court rendered judgment for appellant bank for its debt, and foreclosed the mortgage against all the property described in the mortgage except on the crops raised by Howell; and the only issue involved in this appeal is whether the appellees are liable to appellant for conversion of the cotton which they purchased from Howell in the fall of 1920. In my opinion, the mortgage does not sufficiently describe the cotton which they purchased from Howell to give appellant a mortgage thereon as against them. I think the judgment of the trial court should be affirmed.