**PRATOR v. WASHINGTON et al.    (No. 3116.)**

(Court of Civil Appeals of Texas. Texarkana, Nov. 20, 1925. Rehearing Denied Dec. 3, 1925.)

**1. Chattel mortgages ⬒117 — Description of land in mortgage on cotton to be grown held insufficient to charge subsequent mortgagees with notice of prior mortgage.**

Description of land in chattel mortgage on cotton to be grown on "undersigned's farm, situated about 9 miles east of Lindale," *held* not to cover crops grown on rented premises situated 10 miles north of Lindale, or to charge subsequent mortgagees with notice.

**2. Chattel mortgages ⬒48 — Description of land on which cotton was to be grown held 'insufficient to charge subsequent mortgagees with notice of prior mortgage.**

Description in chattel mortgage of land on which the cotton was to be grown, in the language "or any other land that I may work, or have worked, in Smith county, or any county in the state of Texas," *held* insufficient to charge subsequent mortgagees of cotton grown

on rented premises with notice of prior mortgage.

Appeal from Smith County Court; D. R. Pendleton, Judge.

Action by R. E. Prator against W. M. Washington, in which other lien claimants intervened. From an adverse judgment, plaintiff appeals. Affirmed.

J. A. Mallory, of Lindale, and N. W. Brooks, of Tyler, for appellant.

Butler, Price & Maynor and Simpson, Lasseter & Simpson, all of Tyler, for appellees.

HODGES, J. The appellant, Prator, sued W. M. Washington to recover the sum of $500 due on two notes given as a part of the purchase price of an automobile. Appellant also sought to foreclose a chattel mortgage on three bales of cotton grown by Washington on rented premises during the year 1924. The appellees Lieb and Christian intervened in the suit, each claiming a lien for rents and a superior mortgage lien on the same cotton for other debts.

The facts show that in September, 1923, Washington executed and delivered to Prator a mortgage on some personal property and a crop of cotton to be grown in 1924. The description of the crop is as follows:

"Also three bales of cotton, to weigh 500 pounds, to class middling, to be grown on undersigned's farm situated about 9 miles east of Lindale in Swan Settlement, or on any other land that I might work, or have worked, in Smith county, or any other county in the state of Texas. And my whole crop is subject to this mortgage, and said crop to be grown during the year 1924."

At that time Washington did not own any farm, but was a tenant on Lieb's farm, situated about 10 miles north of Lindale. He then expected to purchase that farm from Lieb, but this was not done. There is no evidence that he owned any farm or that he at that time had any contract to rent a farm for the year 1924. However, he did reside upon and grow a crop of cotton upon Lieb's land, situated about 10 miles north (not east) of Lindale, and also cultivated a small tract of land belonging to the appellee Christian. He gathered three bales of cotton from each of these farms.

Both Lieb and Christian proved that they held mortgages executed by Washington in January, 1924, upon his crops grown on their farms, and that Washington owed them rents, for which they claimed a superior lien. They contended in the trial court, as a basis of their claim of superiority of liens, that the description of the crop in Prator's mortgage was insufficient to charge them with notice of a lien in favor of Prator. In a trial before the court their contention was sustained and a judgment entered accordingly. In this ap-

peal the appellant assails the correctness of the legal conclusion.

[1, 2] The case is before us upon the findings of the trial judge, and these are not questioned. The fact that at the time Prator's mortgage was executed Washington did not own any farm, and never acquired any thereafter before or during the year 1924, renders ineffective that part of the description which undertook to encumber a crop grown on "undersigned's farm situated about 9 miles east of Lindale." No such farm existed, and that language could not be made to cover crops grown on rented premises situated ten miles "north" of Lindale; hence that portion of the description is not, in a contest of this character, notice to subsequent mortgagees. The question then is, Does the following constitute a sufficient description: "Or any other land that I might work, or have worked, in Smith county, or any other county in the state of Texas?"

It must be borne in mind that Washington was attempting to mortgage to Prator property which was not then in existence. Our Supreme Court has held that, in order for such an incumbrance to be enforceable in equity as against subsequent mortgagees, it must be clear that at the date of the mortgage the parties anticipated the mortgagor's acquisition of the very property on which the lien was sought to be foreclosed, and intended it to be subject to the mortgage. Richardson v. Washington, 88 Tex. 339, 31 S. W. 614. There is in the record no fact tending to show that Washington had any contract for renting either of the farms upon which the cotton in controversy was grown, or any other farm, at the time he executed the mortgage to Prator. We must, in deference to the legal conclusion of the court, and in the absence of any finding of fact to the contrary, assume that the evidence did not show that the parties had in contemplation the renting of either of the places upon which the cotton was grown at the time Prator's mortgage was executed. The language, "any other land I might work or have worked, during the year 1924," is broad enough to include the lands Washington did work, but it is entirely too indefinite to put subsequent mortgagees upon notice that any particular crop was incumbered. Watson v. Paddleford & Son, 110 Tex. 525, 221 S. W. 569.

Appellant relies upon the late case of the Houston National Bank v. Osceola Irrigating Co. (Tex. Civ. App.) 261 S. W. 561, as sustaining the sufficiency of the description in this case. In that case the mortgagor was actually in possession of the land upon which the incumbered crop was to be grown. The description of the crop was as follows:

"My entire crop of corn, cotton, cotton seed," etc., "now being grown or to be grown by me or those working with, under or for me, on any land cultivated by me or them in Brazoria county, Texas, or any other county for and during the year 1920, and all other years until my indebtedness to grantee is paid."

The Court of Civil Appeals held that this description was sufficient to cover crops grown during that year, but not sufficient to incumber crops grown in the future.

In Watson v. Paddleford, referred to above, the Supreme Court quotes approvingly the following language from a North Carolina case:

"The clause did not presently, at the time of the contract of sale, designate any particular lands to be cultivated, and the crops to be produced on them; the plaintiffs could not then know what crops, if any, they were buying, or what they would get at the end of the year, nor did the sellers know what they were selling; there was then nothing certain, to give point and direction to the lien sought to be created, as there would have been if the description had been the 'crops to be produced on W. W. Carter's home place—his own land'— or the like description. * * * It is not sufficient that the crop will be certain when it shall be produced on any lands in Halifax county by the parties undertaking to give the lien."

We are of the opinion that under the rule here announced the description in this case was insufficient to charge subsequent mortgages with notice of Prator's prior mortgage. The judgment will therefore be affirmed.