## COLLEY v. H. L. EDWARDS & CO.
### (No. 2858.)

(Court of Civil Appeals of Texas. Texarkana. Jan. 10, 1924.)

**1. Chattel mortgages ⊚⇒229(2)—Pleading ⊚⇒ 214(1)—Mortgage on crop sufficient, though lacking date in view of averments in petition, which are taken as true on demurrer.**

Though mortgage on 30 acres of cotton to be grown on the mortgagor's farm was not dated, the description of the property was sufficient under averments in the petition that it was executed December 27, 1920, on 30 acres to he planted in 1921, such averment being taken as true on demurrer.

**2. Chattel mortgages ⊚⇒117—Lien on 30 acres of cotton to be grown attached to 70 acres planted in lieu thereof.**

Having executed a valid mortgage on cotton to be grown on 30 acres, mortgage lien attached to 70 acres planted in lieu thereof.

**3. Chattel mortgages ⊚⇒117—Mortgagee of 30 acres of cotton to be grown could select any 30 acres from 70 planted in lieu thereof.**

Where mortgagor mortgaged 30 acres of cotton to be grown, and planted 70 acres in lieu thereof, the mortgagee could select any 30 acres to satisfy his lien.

**4. Confusion of goods ⊚⇒9—Mortgage to attach to undivided interest in cotton crop mingled.**

Where mortgagor, after executing a mortgage on 30 acres of cotton to be grown, planted 70 acres, and gathered the whole crop, the mortgage lien attached to an undivided interest in the proportion of the acreage mortgaged to that from which mingled cotton was taken.

**5. Chattel mortgages ⊚⇒229(2)—Allegation that defendant had notice of mortgage permitted proof of actual or constructive notice.**

In an action for conversion of mortgaged cotton against a purchaser from mortgagor, under an averment that defendant had notice of the mortgage, plaintiff could prove both actual and constructive notice.

**6. Chattel mortgages ⊚⇒155—Purchaser with notice of mortgage stood in no better position than mortgagor seller.**

In an action for conversion of mortgaged cotton, one who purchased with notice of mortgage stood in no better position than the mortgagor.

Appeal from Lamar County Court; W. Dewey Lawrence, Judge.

Suit by Howard Colley, by next friend, against H. L. Edwards & Co. From a judgment dismissing the suit, plaintiff appeals. Reversed and remanded.

Patrick & Eubank, of Paris, for appellant. Sturgeon, Sturgeon & West, of Paris, for appellee.

HODGES, J. The appellant instituted this suit in the court below to recover of H. L. Edwards & Co., the appellee, damages for the conversion of cotton upon which he claimed a mortgage. It is alleged that on December 27, 1920, one Walter Mangrum became indebted to the appellant in the sum of $220, evidenced by a promissory note of that date bearing interest at the rate of 10 per cent. per annum from maturity, and providing for the usual attorney's fees in the event the debt was collected by law. It was also alleged that on the same date, December 27, 1920, Mangrum executed and delivered to appellant a chattel mortgage on 30 acres of cotton to be grown on Mangrum's farm, and that this chattel mortgage was duly filed for record in the office of the county clerk of Lamar county. It is further alleged that Mangrum planted 70 acres in cotton during the year 1921, from which he gathered 11 bales; that 10 bales of that cotton were sold to and purchased by the appellee during the fall of 1921, and converted by it to its own use and benefit. It is also alleged that appellant's mortgage attached to a three-sevenths interest in the cotton grown on the 70 acres, which was of the value of $429 at the date of conversion. A judgment is sought for the amount of the unpaid debt held against Mangrum, which is less than the value of the mortgaged interest in the cotton. The note and the mortgage were attached as exhibits to the petition. The mortgage specified, in addition to the facts above stated, that Mangrum's farm was situated in Lamar county, about six miles southwest of the city of Paris.

[1] The trial court sustained a general demurrer to the petition, and dismissed the suit. It appears that the defects pointed out consisted mainly of the uncertainty in the description of the property incumbered. It appears that the mortgage was not dated, and, for that reason, it is claimed, no particular crop of cotton was designated. The petition states that the mortgage was executed on December 27, 1920. That averment, taken in connection with the terms of the mortgage and note, clearly indicates that the lien was to apply to the crop to be grown on Mangrum's farm, which was sufficiently described, during the year 1921. In passing upon the demurrer we must treat all those averments as true; and, if they be true, a crop of cotton was described with sufficient certainty to create a valid lien as between the parties.

[2-4] Having executed a valid mortgage on a crop of cotton to be grown on 30 acres of land, the mortgagor could not destroy the mortgage by planting more than 30 acres. The lien attached to all the cotton grown on that farm, if no more than 30 acres were planted; and to any 30 acres which the

mortgagee might select, if more than 30 acres were planted. Avery v. Popper, 92 Tex. 337, 48 S. W. 572, 49 S. W. 219, 50 S. W. 122, 71 Am. St. Rep. 849. Where the entire crop is gathered and the mortgaged cotton is mingled with the unmortgaged cotton by the mortgagor, the mortgagee may claim a lien on an undivided interest to the extent of the proportion of the acreage mortgaged to that from which the mingled cotton was taken. To hold otherwise would place it within the power of a mortgagor to profit by his own wrong.

[5, 6] It is alleged by the appellant that the appellee had notice of the existence of this mortgage. Under such averments the appellant could prove that Edwards & Co. had both actual and constructive notice. If that be true, Edwards & Co. occupied no better position for defeating this lien than did the mortgagor.

We are of the opinion that the court erred in sustaining the demurrers, and the judgment will be reversed, and the cause remanded for a trial upon its merits.