## SOUTH TEXAS IMPLEMENT & MACHINE CO. et al. v. ANAHUAC CANAL CO. et al. (No. 574–4393.)

(Commission of Appeals of Texas, Section B. Feb. 10, 1926.)

1. Chattel mortgages ⊜⇒12—Valid chattel mortgage may be executed on crops about to be planted, or for succeeding year or years.

A valid chattel mortgage may be executed, not only on crop about to be planted for the current year, but also on crops for the succeeding year or years.

2. Chattel mortgages ⊜⇒48—Mortgage, made in 1920, held sufficient and valid as to crops of 1921 grown on same lands.

Chattel mortgage, made in 1920, containing description of subject-matter as "interest in about 200 acres of rice now being watered, and to continue and extend to cover crop of succeeding years until debt is paid," *held* sufficient and valid as to crops of 1921 grown on same lands.

3. Evidence ⊜⇒395(1)—Scope and effect of chattel mortgage is determined from intention of parties, which must be gathered from instrument itself.

Scope and effect of chattel mortgage is determined from intention of parties, which must be gathered from instrument itself; and, where such intention is manifested in instrument, no sort of contradiction will be permitted.

4. Evidence ⊜⇒385—Parol evidence will not be allowed to contradict written instrument.

It is only where instrument is ambiguous or uncertain that oral evidence may be heard in explanation, and in no instance will parol evidence be allowed to contradict the instrument.

5. Trial ⊜⇒105(5)—Parol evidence, contradicting chattel mortgage, cannot vary it, even though admitted without objection.

Evidence, tending to show that crops on land were not within contemplation of parties to chattel mortgage, which clearly contradicts terms of written instrument, can have no effect to vary that instrument, even though admitted without objection.

Error to Court of Civil Appeals of First Supreme Judicial District.

Bill by the Standard Rice Company interpleading the South Texas Implement & Machine Company, the Anahuac Canal Company, and others. Judgment for the Anahuac Canal Company and others was affirmed by the Court of Civil Appeals (269 S. W. 1097), and the South Texas Implement & Machine Company and others bring error. Affirmed.

Baker, Botts, Parker & Garwood, Homer L. Bruce, and Hunt & Teagle, all of Houston, for plaintiff in error R. B. George.

B. F. Louis, of Houston, for defendant in error Chambers County State Bank.

A. G. Haigh and Palmer Bradley, both of Houston, for other defendants in error.

SPEER, J. These writs of error in favor of South Texas Implement & Machinery Company and R. B. George, to review a judgment of the Court of Civil Appeals (269 S. W. 1097), involve the construction of a chattel mortgage, attacked for want of definiteness in the description of the subject-matter, and were granted upon the contention of conflict with McDavid v. Phillips, 94 S. W. 1131, 100 Tex. 73, and other cases discussed in this opinion. The case is a controversy over a fund in possession of the Standard Rice Company, representing proceeds of the sale to it by G. E. Barrow of his rice crop grown during the year 1921 on a farm cultivated by him in Chambers county, Tex. The controversy is narrowed in this court to one between the plaintiffs in error on the one hand and Chambers County State Bank on the other. If the mortgage by Barrow in favor of the Chambers County State Bank covers the crop of 1921, the judgment of the Court of Civil Appeals affirming the judgment of

the trial court must, in turn, be affirmed; but, if it does not, then, of course, plaintiffs in error are entitled to a reversal and rendition. The judgment of the Court of Civil Appeals sustaining the mortgage is right.

On June 17, 1920, G. E. Barrow executed a chattel mortgage in favor of Chambers County State Bank for a named consideration, stipulating:

That he bargains, sells, and conveys to the bank "the following described personal property now located and situated in the county of Chambers, state of Texas, to wit: My interest in about 200 acres of rice now being watered by me, with this season, being of blue rose variety; * * * also all other crops which I may raise, acquire, cultivate, or have cultivated, in said county or any other county in Texas, except such crops as are specially excepted herein. In the case of crops which have not been planted, it is specially represented by the mortgagor that the advance herein contracted is for the purpose of enabling said mortgagor to make said crops. And this lien shall continue and extend to cover the crops in succeeding years until all debts of this mortgage to said bank are fully satisfied."

The mortgage was intended to secure a note dated June 17, 1920, for $750, and also to secure the payment of all other indebtedness then due and owing the bank, as well as all indebtedness thereafter to become due and owing the bank. This instrument was duly filed for registration in the county clerk's office of Chambers county on June 30, 1920. The crop of 1921 here in controversy was grown upon the same land as the 1920 crop.

[1] In Richardson v. Washington, etc., Bros., 31 S. W. 614, 88 Tex. 339, the Supreme Court considered a chattel mortgage claimed upon a crop raised during the year 1893 under the following circumstances: On January 23, 1892, Alexander, who had rented and was occupying about 100 acres of land on the Jones farm, of the Navarro grant in Travis county, executed a chattel mortgage in favor of Washington and Costley Bros. to secure an indebtedness covering the following property:

"The crop * * * consists of about 100 acres of R. F. Jones' farm, in Travis county, Texas, in the Antonio Navarro grant. * * * And in the event of a crop failure from drought, excessive rains, hailstorms, etc., said indebtednesses are not to be paid, or, if they are not paid from any other cause, then this lien shall remain in full force and effect, and cover the succeeding crops of the succeeding years until fully paid."

At the time of the execution of this instrument Alexander had been residing on and cultivating the Jones land for 5 or 6 years, but had not then leased or contracted for the same for the year 1893. Thereafter, however, he did lease the land for the year 1893, and remained thereon and cultivated and raised a crop on it for that year. It was as to the crop for that year the mortgage was held to be good. In McDavid v. Phillips, 94 S. W. 1131, 100 Tex. 73, a chattel mortgage was considered with reference to the 1904 crop of cotton, cultivated by the mortgagor, Harris, upon land other than the Moseley farm; the description of the subject-matter in the mortgage being:

"My entire crop of cotton, cotton seed and corn, said crops planted and to be planted, cultivated and raised during the year 1902 on the farm belonging to N. T. Moseley, situated in Smith county about 13 miles east from Tyler or on any other land that I may cultivate in said county or have cultivated under my supervision or I may be entitled to receive as rents from my own property or property that I may have leased from any other person for the year 1902 or any and all crops that I may acquire by purchase or otherwise for said year. And if said indebtedness is not paid from any cause then this lien shall remain in full force and effect and cover the succeeding crops of the succeeding years until finally paid. It is agreed and understood that if from any cause whatever I fail to cultivate the above-described lands then this mortgage shall cover the land I do cultivate until this mortgage is paid in full."

The mortgage lien was denied. Let us compare and contrast these two cases, holding the one mortgage covered the subsequent crops, while the other did not. Both instruments declare in almost identical words that, if the indebtedness secured is not paid from any source, then the lien created shall remain in full force and effect, and cover the succeeding crops of succeeding years until fully paid. Since this language is found in the Richardson-Washington Case, the mortgage in which was held good, this general provision for the continued operation of the lien as to subsequent crops did not necessarily make void the mortgage. The Supreme Court did not base its holding in anywise upon this consideration. Under the decisions, and especially the Richardson-Washington Case, one may execute a valid chattel mortgage not only upon his crop about to be planted for the current year, but he may likewise execute a valid chattel mortgage upon crops for the succeeding year or years. We know of no reason why the instrument may not extend to any number of succeeding years, providing always it is sufficiently definite in its terms. By contrasting these two cases, what is the difference in the instruments there considered which will distinguish them? Both were considered from the standpoint of definiteness of description of the subject-matter; the one sustaining and the other condemning the mortgage upon this test. It is quite important then to determine just where the instruments involved differed in this respect. The supreme Court, in Watson v. Paddleford, 221 S. W. 569, 110 Tex. 525, has contrasted these cases and pointed out

the underlying distinction. In that case, Justice Greenwood makes clear the point of divergence in the two cases in the following language:

"There is nothing in the description, 'Any three bales of cotton to be planted and cultivated by me in the year 1912 on the place known as the —— farm, —— miles from Rockwood, or any other farm in Coleman county,' *to point out any particular cotton* as that to which the parties then contemplated a lien would attach, or *to point out any particular land* on which the cotton was to be produced, and therefore the cases of Richardson v. Washington and McDavid v. Phillips are decisive against the sufficiency of the description." (Italics ours.)

[2] In its last analysis the chattel mortgage was held good in the Richardson v. Washington Case, because the language describing the subject-matter was sufficiently definite to include as within the contemplation of the parties the crops for 1893 upon the very lands described in the mortgage of 1892, while in the McDavid v. Phillips Case, the description of the subject-matter contained nothing to show that the crop of 1904 upon lands other than those described in the mortgage were within the contemplation of the parties. Applying this test to the case before us, we find the mortgage to be sufficient and valid as to the crops of 1921 grown upon the same lands described in the mortgage of 1920. The description of the subject-matter is:

"My interest in about 200 acres of rice now being watered by me, * * * and this lien shall continue and extend to cover the crop of succeeding years until all debts of this mortgage to said bank are fully satisfied."

[3-5] Much stress has been laid upon the language of the decisions above considered to the effect that the scope of the chattel mortgage will be determined by the intention of the parties, and emphasis is laid upon the further suggestion that it is a matter of what was in the contemplation of the parties. We assent fully to the proposition that the scope and effect of any written instrument is determined largely, if not altogether, from the intention of the parties thereto. This is perhaps the most fundamental rule of construction of written instruments, but the method of ascertaining that "intention" and that "contemplation" is not different in chattel mortgage cases from those involving other written instruments. Primarily, and most frequently, this intention is gathered from the instrument itself; and, where such intention is manifested in the instrument, no sort of contradiction will be permitted. It is only where the instrument is ambiguous or uncertain that oral evidence may be heard in explanation; but in no instance will parol evidence be allowed to contradict the instrument. Its integrity may, of course, be attacked, but this is a different principle. Evidence appears to have been admitted in this case which tended to show that the crops upon the Chambers county land for 1920 were not within the contemplation of the parties, but this clearly contradicts what we have held to be the terms of the written instrument, and, even though admitted without objection, can have no effect to vary that instrument. Since equity will make valid a lien attempted through the execution of a chattel mortgage upon property not then in existence, cases may arise, and do arise, where parol evidence of such intention may be shown in aid of the instrument. But we know of no case holding that parol evidence may be introduced to destroy such instrument.

We think the chattel mortgage under consideration is sufficient to meet every requirement as to definiteness of the description of the subject-matter, so as to cover the crop of 1921, and recommend that the judgment of the Court of Civil Appeals so holding should be affirmed.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.