**UNITED NORTH & SOUTH OIL CO., Inc., v. TILLER et al. (No. 6965.)**

(Court of Civil Appeals of Texas. Austin. April 14, 1926. Rehearing Denied May 12, 1926.)

1. **Mines and minerals** ⟲74—**Contract for sale of oil and gas lease, drawn by purchaser's attorney for its own benefit, will, as between vendor and purchaser, be strictly construed against purchaser.**

Where contract for sale of oil and gas lease was drawn by purchaser's attorney, in its own office, and for its own benefit, as between vendor and purchaser, contract will be strictly construed against purchaser.

2. **Evidence** ⟲385.

Written instrument, complete and unambiguous on its face, cannot be added to, varied,

nor contradicted, by parol, in absence of fraud or mistake.

**3. Evidence ⬤�longdash⟩443(1)—Evidence of parol contract by vendor with another, offered as basis of purchaser's right to oil and gas lease pursuant to written contract, held violative of parol evidence rule.**

In purchaser's action for specific performance of contract to sell oil and gas lease, evidence offered by purchaser as basis for its right of action of a parol contract between vendor and third party to drill an oil well as condition precedent to third party's right to oil and gas lease, and purchase of such contract by third party, entitling purchaser to such oil and gas lease, *held* inadmissible, as varying and contradicting terms of written instrument by parol evidence. ;

**4. Mines and minerals ⬤⟩74—Purchaser's right to oil and gas lease, made subject to vendor's contract with another to execute lease on the same land, held defeated where lease to such other was executed within stipulated time.**

Where purchaser's right to oil and gas lease was made subject to contract between vendor and third party for sale of oil and gas lease on same land, contract providing that lease was to be executed within ten days, *held* that purchaser's right to lease was defeated, where vendor leased to third party within such ten days.

Appeal from District Court, Caldwell County; M. C. Jeffrey, Judge.

Suit by United North & South Oil Company, Inc., against W. J. Tiller and others. From a portion of the judgment, plaintiff appeals. Affirmed.

R. B. Ellis, of Luling, E. B. Coopwood, of Lockhart, and A. J. Wortz, of Cuero, for appellant.

Terrell, Davis, Huff & McMillan, of San Antonio, for appellee H. T. Finnell.

M. O. Flowers and C. F. Richards, both of Lockhart, and A. L. Green, of Austin, for appellees Tiller.

BAUGH, J. Prior to June 11, 1924, the United North & South Oil Company held an oil and gas lease on 300 acres of land in Caldwell county, owned by W. J. Tiller, but had inadvertently let it lapse. On that date it sought to renew the lease on said land, but Dunlap & Jessen had been negotiating with Tiller for a lease on part of it. Tiller did, however, on that date lease anew to appellant 270 acres of said land, and signed a contract with appellant as to the remaining 30 acres, the portions of which material to this suit are as follows:

"State of Texas, County of Caldwell:

"This contract and agreement, made and entered into on this the 11th day of June, A. D. 1924, by and between W. J. Tiller and wife Annie Tiller, hereinafter called sellers, and the United North & South Oil Company, Inc., hereinafter called purchaser, witnesseth:

"That whereas, sellers are the owners of 300 acres of land, part of the John Henry League, situated in Caldwell county Texas; * * * and whereas, sellers have this day made, executed and delivered to purchaser an oil and gas lease on all of said 300 acres of land except the following described 30-acre tract (here followed description of said 30 acres by metes and bounds); and, whereas, sellers are now under some contract to execute and deliver to Dunlap & Jessen an oil and gas lease on said 30 acres above described; and whereas, it is possible that said deal between sellers and said Dunlap & Jessen may not be consummated: It is therefore herein now agreed that in the event said Dunlap & Jessen does not buy or take said oil and gas lease on said 30 acres of land; then that sellers will sell to purchaser an oil and gas lease on said above-described 30-acre tract of land for the sum of twenty-five ($25.00) dollars per acre, for which amount purchaser shall execute to sellers its promissory note, payable in six months after date of such oil and gas lease, which sellers agree to accept in full satisfaction for said oil and gas lease.

"Said oil and gas lease shall be executed by sellers on the usual form used by purchaser and shall be for a period of five (5) years. Sellers being familiar with the form of oil and gas lease used by purchaser. (Here followed the terms and conditions of the lease to be made to appellant.)

"Such oil and gas lease shall be executed and delivered by seller to purchaser within ten days from the date of signing this lease.

"Executed this the 11th day of June, A. D. 1924."

On June 21, 1924, W. J. Tiller and wife executed and delivered an oil and gas lease to H. Jessen on said 30 acres of land. Though the proof does not show that H. Jessen was a member of the partnership of Dunlap & Jessen, and the assignee of said partnership, or authorized to act for it, from the allegations in the pleadings and from the statements in the briefs of the parties, we take it that such is conceded as a fact.

Late in the afternoon of June 21, 1924, appellant, through its agent, W. F. Peale, tendered to W. J. Tiller the Oil Company's note for $750, and demanded that he execute and deliver to it an oil and gas lease on said 30 acres of land. This Tiller refused to do. Appellant thereupon filed suit on June 30, 1924, for specific performance of the above contract. Other parties, assignees of the Jessen lease, were subsequently joined or intervened, and by its amended petition appellant sought specific performance of said contract, or damages in the alternative.

At the close of plaintiff's evidence the trial court instructed a verdict in favor of all defendants and the intervener as against plaintiff, appellant here, and in favor of the intervener as against certain defendants. From the latter portion of the judgment, however,

there is no appeal, and we are not concerned with it here.

Appellant pleaded and undertook to show that the contract between Tiller and Dunlap & Jessen referred to in the written contract above set out was an oral contract between them entered into on June 10, 1924, to the effect that if said Dunlap & Jessen would begin the drilling of a well on said 30 acres of land within 10 days from that date, then Tiller was to execute and deliver to them an oil and gas lease thereon; that said Dunlap & Jessen did not begin actual drilling of a well on said premises within 10 days from said June 10th, but that they breached said oral contract with Tiller; and that, notwithstanding such breach, Tiller sold Jessen an oil and gas lease on said 30 acres of land anyway, and by doing so breached his contract with appellant. The several defendants urged joint and several defenses of different kinds, but, inasmuch as we have reached the conclusion that one of the defenses common to them all disposes of the case, we deem it unnecessary to discuss the others. This common defense against appellant was that it sought to vary by parol a written contract which was clear, complete, and unambiguous on its face.

[1] In the first place it is admitted by appellant that the contract which it seeks to specifically enforce was drawn by its own attorney in its own office and for its own benefit. Under such circumstances as between appellant and Tiller, the contract should be strictly construed against appellant.

[2, 3] The rule is too well settled to require citation of authorities that, in the absence of fraud, accident, or mistake, a written instrument, complete and unambiguous on its face, cannot be added to, varied, nor contradicted by parol. Appellant insists, however, that its written contract with Tiller was by its terms made dependent upon the oral contract between Tiller and Dunlap & Jessen. And, further, that the oral contract it seeks to prove in this case falls within one of the limitations to the general rule as set out in vol. III, p. 293, of the Texas Law Review for April, 1925, viz., "Separate oral agreements as to any matter on which the document is silent and which is not inconsistent with its terms, if from the language of the writings and circumstances of the case, the court infers that the parties did not intend the document to be a complete and final statement of the whole of the transaction between them"; and "separate oral agreement constituting a condition precedent to the attaching of any obligation under the contract." Also citing Preston v. Breedlove, 36 Tex. 96; G., C. & S. F. Ry. Co. v. Jones, 82 Tex. 156, 17 S. W. 534; Lockett v. Rice Co. (Tex. Civ. App.) 145 S. W. 1046; Storage Co. v. Davis et al., 108 Tex. 422, 195 S. W. 184; and Chapman v. Witherspoon (Tex. Civ. App.) 192 S. W. 282.

We are of the opinion, however, that the oral contract between Tiller and Dunlap & Jessen which appellant seeks to prove does not come within any of these limitations. The written contract merely recites as a declaratory statement that Tiller and wife were under "some contract to execute and deliver to Dunlap & Jessen an oil and gas lease" on said land, and that it was possible that said "deal" might not be consummated. Then followed in express and unambiguous language the only contractual condition or provision of the instrument, that is, "it is, therefore, herein now agreed that in the event Dunlap & Jessen does not buy or take said oil and gas lease on said 30 acres of land," then that a lease thereon is to be made to appellant. Mr. W. F. Peale, a vice president of appellant company, who had charge of its leases, testified that he knew very little about the contract between Tiller and Dunlap & Jessen, and that he told his attorney all he did know about it at the time the contract herein sued upon was drawn. It is manifest, we think, both from the contract itself and from Peale's testimony, that the "deal" between Tiller and Dunlap & Jessen was recognized by appellant when the contract was drawn as incomplete and uncertain, and with all the facts before appellant then that it had at the time of the trial appellant chose to integrate its contract by making the only condition on which it would be entitled to a lease the failure of Tiller to lease to Dunlap & Jessen, whatever may or may not have been the prior or pending negotiations, conditions, or stipulations as between them. But Tiller did lease to Jessen, and within the time prescribed by the contract.

The contract sought to be shown by appellant was not a contemporaneous oral agreement between appellant and Tiller, but between Tiller and others not parties to appellant's contract. Nor was it a contract to lease said 30 acres for oil and gas, which to be enforceable must have been in writing, but a contract by Dunlap & Jessen to drill a well, as a condition precedent to the execution of an oil and gas lease by Tiller to them. A drilling contract is usually an entirely separate and distinct contract from an oil and gas lease. In the instant case, therefore, appellant seeks to establish as a basis for its right of action an oral contract with third parties to drill a well within a definite time as a condition precedent to said third party's right to an oil and gas lease on said land, the failure to execute which is still another condition precedent to appellant's right to a lease on said land. This is manifestly going too far afield from the terms of its written contract to be admissible under any of the limitations upon or exceptions to the parol evidence rule, and would, we think, vary and contradict the terms of its written contract. An able and extended discussion of this rule and its exceptions by Judge Powell of the Commission of Appeals is found in Harper v. Lott Town

& Improvement Co., 228 S. W. 188. See, also, So. Tex. Implement & Machine Co.· v. Anahuac Canal Co. (Tex. Com. App.) 280 S. W. 521; 22 C. J. § 1664, p. 1251.

[4] Appellant also insists that the lease from Tiller to Jessen was not made within the time prescribed. In the condition set out in appellant's contract no time is specified within which such lease to Dunlap & Jessen must be made. In the absence of a time limit, a reasonable time under the circumstances would be implied. At the end of appellant's contract appears the provision, "such oil and gas lease shall be executed and delivered by sellers to purchaser within ten days from the date of signing this lease." It is not clear whether this refers to the lease from Tiller to appellant or that from Tiller to Dunlap & Jessen. In any event, however, when appellant's agent went to Tiller on June 21st, tendered the $750 note and demanded a lease, it appears that Tiller had already leased to Jessen. This was therefore a sufficient compliance by Tiller with the condition in the contract to defeat appellant's rights to a lease thereunder.

What we have said conclusively disposes of the case, and we pretermit a discussion of the other issues raised by appellees. Finding no error in the record, the judgment of the trial court is affirmed.

Affirmed.