## UNITED NORTH & SOUTH OIL CO., Inc., v. TILLER et al. (No. 7050.)

Court of Civil Appeals of Texas. Austin. Feb. 2, 1927.

Appeal and error ⟝843(2)—Reviewing court will not pass on order appointing receiver for property of corporation, sole appellant, where question has become moot.

The Court of Civil Appeals will not pass upon the trial court's action in appointing a receiver for corporation's property, on appeal of corporation alone, where subsequent to application it was conclusively adjudicated that the corporation was without interest in the property, and the question was therefore moot.

Appeal from District Court, Caldwell County; M. C. Jeffrey, Judge.

Suit between the United North & South Oil Company, Inc., and W. J. Tiller and others. From an order appointing a receiver, the former appealed. On motion to dismiss appeal. Motion granted.

M. O. Flowers and C. F. Richards, both of Lockhart, for appellees.

BAUGH, J. This appeal is from an action of the trial court in appointing a receiver. A former appeal was prosecuted by the appellant herein from a judgment of the trial court denying to appellant any interest in an oil lease on 30 acres of land in Caldwell county. The judgment of the trial court in the former appeal was affirmed by this court in 283 S. W. 676, and writ of error refused by the Supreme Court on October 20, 1926.

While the former appeal was pending, W.

J. Tiller et al. appellees in the former appeal as well as in this appeal, applied to the district court for the appointment of a receiver for the properties involved. This application was resisted by the United North & South Oil Company, appellant here. The trial court granted the application and appointed a receiver, from which proceeding this appeal has been prosecuted.

In the former appeal, reported as above, it was conclusively adjudicated that the appellant, United North & South Oil Company, had no interest in the subject-matter or property over which the receiver was appointed. As to appellant, therefore, the question presented on this appeal has become moot.

Appellees' motion to dismiss the appeal is therefore granted.

Motion granted.