**FIRST NAT. BANK OF FABENS v. AMERI-
CAN TRUST & SAVINGS BANK OF EL
PASO.   (No. 2039.)**

Court of Civil Appeals of Texas. El Paso.
Dec. 8, 1927.

**1. Chattel mortgages ⬅︎12—Mortgage on crop
for current and succeeding years held valid.**

Mortgage on crop for current and succeed-
ing years to be grown on definitely described
tract of land owned by mortgagor, or in which
he has interest, from which it can be reasonably
inferred that it is within contemplation of par-
ties that crops be planted and grown on prem-
ises by mortgagor during current and succeed-
ing years, *held* valid.

**2. Chattel mortgages ⬅︎12—Validity of crop
mortgage for current and succeeding years
held not affected by mortgagee's refusal to
finance mortgagor in succeeding year.**

Validity of mortgage given on crops for cur-
rent and succeeding years *held* not affected by
mortgagee's action in refusing to finance mort-
gagor so that he could produce crop in succeed-
ing year.

**3. Appeal and error ⬅︎1060(1)—Improper ar-
gument provoked by opposing counsel held
not reversible error, if it could not affect
jury's finding on only issue submitted.**

Argument of counsel provoked by opposing
counsel, though improper, does not constitute
reversible error where not inflammatory, and
where it is not reasonable to suppose it could
have in any wise affected finding of jury on only
issue submitted.

**4. Chattel mortgages ⬅︎229(3)—Testimony in
crop mortgagee's action against bank, that
bank applying proceeds of crops on mort-
gagor's debt would not have made loan except
for mortgagor's representation that mort-
gagee released mortgage, held inadmissible.**

In action by chattel mortgagee against
bank which had applied value of mortgaged
crop on debts due from mortgagor, evidence
that such bank would not have made loan to
mortgagor except for his statement that plain-
tiff had released mortgage *held* inadmissible as
being irrelevant to any issue in the case.

Error from District Court, El Paso Coun-
ty; P. R. Price, Judge.

Action by the American Trust & Savings
Bank of El Paso against the First National
Bank of Fabens and others. Judgment for
plaintiff, and the named defendant brings er-
ror. Affirmed.

R. J. Channell, of El Paso, for plaintiff in
error.

W. M. Peticolas and J. L. Rasberry, both
of El Paso, for defendant in error.

HIGGINS, J.   The plaintiff in error and
the defendant in error will be respectively
designated as the Fabens Bank and the
American Bank.

On January 24, 1925, A. L. Rose and wife
executed a mortgage, which was duly record-
ed, upon "all our cotton and all other crops
raised or to be raised, grown or to be grown,
planted or to be planted, or caused to be
raised, grown, or planted by us or those in
our employ during the year 1925, and there-
after, upon *eighty acres* of land known as
the Garnet King farm, located 1½ miles
west of Clint, between the two paved roads,
in El Paso county, Texas," to secure the
payment of certain indebtedness of the mort-
gagors to the American Bank.  On April, 8,
1926, Rose gave a mortgage upon his crop of
cotton grown during 1926, upon 45 acres of
the same land described in the other mort-
gage.

In 1925 the 80-acre tract was owned joint-
ly by Rose and another.  Subsequently the
land was partitioned between them, Rose ac-
quiring in severalty the 45 acres described in
the second mortgage.

Later this suit was filed by the American
Bank against Rose and wife and the Fabens
Bank to recover of Rose and wife a balance
due upon their indebtedness to the American
Bank, and against all defendants to foreclose
the mortgage lien upon cotton grown upon
the 45 acres in 1926.  As against the Fabens
bank, recovery was also sought for the value
of certain cotton grown upon the 45 acres
of land in 1926, alleged to have been sold and
delivered by Rose to the Fabens Bank and
the value thereof by such bank applied upon
the debts of Rose to it.

The only issue submitted to the jury was
whether the American Bank in January,
1926, agreed with Rose to release its mort-
gage in consideration of collateral security
then deposited by Rose, as the defendants
had pleaded.  This issue was answered in
the negative and judgment rendered in favor
of the American bank.  The Fabens Bank
prosecutes this writ of error.

Its propositions are to the effect:

First.  The mortgage of the American
Bank, in so far as it affected the 1926 crop,
was void for inadequacy of description.

2. The undisputed evidence having shown
that Rose could not produce a crop in 1926
without being financed, and that the Ameri-
can Bank refused to finance him, and that
no crop would have been produced except for
the advances made by the Fabens Bank, its
mortgage was superior to that of the Ameri-
can Bank.

Third.  Where, as in this instance, the pro-
vision in the chattel mortgage for a lien up-
on future crops of succeeding years would
result in the land lying idle and no crop be-
ing produced, such provision is contrary to
public policy and is void.

Fourth.  Improper argument to the jury
on the part of counsel for the American
Bank.

Fifth.  Error in refusing to permit the Fa-
bens Bank to prove that while it made the

loan to Rose and took his notes and chattel mortgage, he stated that the American Bank had released its mortgage, and that otherwise the Fabens Bank would not have made the loan.

[1] In this state it is now too late to question the validity of a mortgage upon crops for the current and succeeding years to be grown upon a definitely described tract of land owned by the mortgagor, or in which he, has an interest, from which it can be reasonably inferred that it was within the contemplation of the parties that crops would be planted and grown upon the premises by the mortgagor during the current and succeeding years. Bowyer v. Beardon (Tex. Com. App.) 291 S. W. 219; Richardson v. Washington, 88 Tex. 339, 31 S. W. 614; South Texas Implement & Machine Co. v. Anahuac Canal Co. (Tex. Com. App.) 280 S. W. 521; Perkins v. Alexander (Tex. Civ. App.) 209 S. W. 789; Waters v. B. F. Ellington & Co. (Tex. Civ. App.) 289 S. W. 417; Colley v. H. L. Edwards & Co. (Tex. Civ. App.) 258 S. W. 191.

[2] Counsel for plaintiff in error has cited no authority in which the validity of such mortgages is held to be affected by the circumstances referred to in the third proposition, or which holds that they will be subordinated to a second mortgage by the facts referred to in the second proposition. The mortgages being valid when executed, they remain so, unaffected by subsequent events and developments of that nature.

The 80 acres of land is definitely described in the mortgage given to the American Bank. Its identity is not in issue. The mortgage covered all of the cotton to be grown thereon in 1925 and succeeding years. There is no uncertainty as to the portion of the crop mortgaged. At the time of the mortgage Rose owned an undivided one-half interest in the land described.

Under these circumstances, the authorities cited establish beyond question the validity of the mortgage in favor of the American Bank upon the crop grown upon the land in 1926.

The distinguishing features of two of the cases cited by the Fabens Bank are shown in Justice Speers' opinion in South Texas Implement & Machine Co. v. Anahuac Canal Co., supra, Richardson v. Washington, supra, supports the validity of the present mortgage. The distinguishing features of Prator v. Washington (Tex. Civ. App.) 277 S. W. 704, are so apparent as to call for no comment.

[3] The argument of counsel presents no error, in view of the previous argument of counsel for the Fabens Bank in reply to which it was made. If conceded to be improper, it is not reversible. It was not inflammatory, and it is not reasonable to suppose it could have in any wise affected the finding of the jury upon the only issue submitted.

[4] The evidence referred to in the last proposition could not affect the rights of the American Bank and was irrelevant to any issue in the case. It was properly excluded.

Affirmed.