

# THE ATTORNEY GENERAL

## OF TEXAS

**PRICE DANIEL**
ATTORNEY GENERAL

AUSTIN 11, TEXAS

August 21, 1950

Hon. C. H. Cavness
State Auditor
Austin, Texas

Opinion No. V-1092.

Re: Authority of the Commissioner
of the General Land Office to
require the payment of inter-
est on the bonus before filing
a Relinquishment Act lease.

Dear Sir:

You have requested our opinion regarding interest on de-
layed payments of the bonus for Relinquishment Act leases. You
ask:

". . . whether . . . it would not be legal for the
Commissioner of the General Land Office to require pay-
ment of interest at the legal rate of 6 per cent before
accepting an unreasonably late bonus payment and filing
the lease."

It is settled that the provisions of the Relinquishment
Act regarding payment are read into the leases executed thereunder
(Permian Oil Co. v. State, 161 S.W.2d 568 (Tex.Civ.App. 1942)) and
that interest is due the State on royalties withheld after the time
fixed by statute for payment. State v. Powell, 70 S.W.2d 297 (Tex.
Civ.App. 1934). There is, however, no statute fixing the time for
payment of the bonus.

In order to raise an implied promise to pay legal inter-
est, it is not necessary that the contract itself establish a fixed
liability in a definite amount as of a date certain. It is suffi-
cient if the contract provides the conditions upon which liability
depends. Federal Life Ins. Co. v. Kriton, 112 Tex. 532, 249 S.W.
193 (1923); Phillips Petroleum Co. v. Johnson, 155 F.2d 185, 191-
192 (CCA 5th 1946); 25 Tex. Jur. 19, Interest, Sec. 13.

A Relinquishment Act lessee cannot escape liability for
bonus payments by his failure or refusal to file a lease. It is
settled that an oil and gas lessor can affirm the lease and sue
for the purchase price, with interest. Arcadia Refining Co. v.
Cook, 146 S.W.2d 767 (Tex.Civ.App. 1940, error dism.); Caprito v.
Grisham-Hunter Corp., 128 S.W.2d 149 (Tex.Civ.App. 1939, error
dism.); McMillin v. Wilson, 121 S.W.2d 1029 (Tex.Civ.App. 1938,
error dism.); 31A Tex. Jur. 502, Oil and Gas, Sec. 274. Such a

suit is in effect a suit for specific performance. Caprito v. Grisham-Hunter Corp., supra.

It is likewise the rule that if an obligation is payable upon an event which depends entirely upon the obligor, the obligation becomes due after the expiration of a reasonable time for the event to have been brought about. C. C. Slaughter Co. v. Eller, 196 S.W. 704, 706 (Tex.Civ.App. 1917, error ref.); Boesen v. County of Potter, 173 S.W. 462, 467 (Tex.Civ.App. 1915, error ref.); 32 Tex. Jur. 632-633, Payment, Sec. 3; 66 C.J. 682, Vendor and Purchaser, Sec. 241.

The statute requiring the filing of the lease (Article 5421c-2, V.C.S.) was enacted for the benefit of the State. It is included in General Land Office lease forms for the same reason. We think that a duty is thereby imposed upon the lessee to file the lease within a reasonable time. Cf. Cheek v. Metzer, 116 Tex. 356, 291 S.W. 860 (1927); Longinotti v. McShane, 184 S.W. 598 (Tex. Civ.App. 1916, error ref.); United North & South Oil Co. v. Tiller, 283 S.W. 676, 679 (Tex.Civ.App. 1926, error ref.); Clark v. Wilson, 91 S.W. 627 (Tex.Civ.App. 1906); Cunyus v. Hooks Lumber Co., 48 S.W. 1106 (Tex.Civ.App. 1899); 66 C.J. 680, Vendor and Purchaser, Sec. 241. The State could waive the right to have the lease filed and sue for the purchase price. Cf. Golden West Oil Co. No. 1 v. Golden Rod Oil Co. No. 1, 285 S.W. 631 (Tex.Civ.App. 1926), aff. 293 S.W. 167 (Tex.Com.App. 1927); Verschoyle v. Thomas, 261 S.W. 554 (Tex.Civ.App. 1924). In such a suit, the State would be entitled to recover the bonus due as purchase price with interest from the date that the lease and bonus should have been tendered for filing. Cf. McMillin v. Wilson, 121 S.W.2d 1029 (Tex.Civ.App. 1938, error dism.).

It is our opinion, therefore, that it would be legal and proper for the Commissioner of the General Land Office to request payment of interest before filing a Relinquishment Act lease if the payment of the bonus is made at an unreasonably late date. If payment of interest is refused, the Commissioner may place the payment in suspense and request that this office take action for collection of the interest.

## SUMMARY

Where there is an unreasonable delay in the payment to the State of bonus money from a Relinquishment Act lease, it is legal and proper for the Commissioner of the General Land Office to request payment of interest before filing the lease. If payment of interest is refused, the Commissioner

may place the bonus payment in suspense and request the Attorney General to take action for collection of the interest.

Yours very truly,

PRICE DANIEL
Attorney General

APPROVED:

Charles D. Mathews
First Assistant

By *Jesse P. Luton, Jr.*
    Jesse P. Luton, Jr.
            Assistant

Price Daniel
Attorney General

JPL:pwb